Thornton Runnels v. State of Mississippi.

[50 South. 499.]

1. CRIMINAL LAW AND PROCEDURE.    *Robbery.    Reasonable doubt of guilt.
   Two theories of case.    Instructions.*

   A requested instruction in a criminal case so drawn as to be, if
   literally acted upon by the jury, equivalent to a peremptory in-
   struction for the defense, should be refused where defendant is
   not entitled to an instruction peremptorily directing an acquittal.

2. SAME.    *Same.*

   The court having correctly and fully instructed the jury to acquit
   the defendant unless his guilt had been proved beyond every
   reasonable doubt arising from the evidence or the want of it,
   reversible error will not be committed by refusing an instruction
   to the effect, that, if there arise from the evidence two reason-
   able theories, one favorable to the state and the other to the de-
   fendant, it is the duty of the jury to acquit, although the theory
   favorable to the state is the more reasonable and better sup-
   ported by evidence.

From the circuit court of, first district, Hinds county.

Hon. WILEY H. POTTER, Judge.

Runnels, the appellant, was indicted and tried for robbery,
was convicted and sentenced to the penitentiary for a term of
three years, and appealed to the supreme court.

The principal assignment of error was predicated of the re-
fusal of the court below to grant the sixth instruction requested
by appellant.    This instruction is quoted in the opinion.

*Wiley J. Croom* and *Robert P. Thompson,* for appellant.

We contend that the court below committed fatal error, in re-
fusing the sixth instruction asked by the appellant, and we are
warranted in making this contention, under the decision of this
court rendered in the case of *Thompson v. State,* 83 Miss. 287,
35 South. 689, in which this court passing upon the refusal of
the trial court, in that case to grant an instruction to the appel-

lant, identical with the sixth instruction, said, "It has always been, is now, and we trust shall ever be, the law in criminal cases, that where there are two reasonable hypotheses arising out of and supported by the evidence, it is the duty of the jury to adopt the hypothesis consistent with innocence, even though the hypothesis of guilt be more probable." And this court reversed the judgment in the *Thompson case, supra,* because of the refusal of the trial court to grant said instruction.

The instructions granted to the appellant in the *Thompson case* on the law of reasonable doubt were much stronger than those granted to the appellant in the instant case, and yet this court reversed judgment in the *Thompson case,* because this sixth instruction was not given, wherefore it can not now be regarded in this case, that if error was committed, in refusing said instruction, it was cured by the trial court in granting other instructions to the appellant, announcing the law of reasonable doubt.

*George Butler,* assistant attorney-general, for appellee.

The instruction here in question is in almost the exact language of the instruction quoted in *Thompson v. State,* 83 Miss. 287, wherein it was said that where there are two reasonable hypotheses arising out of, and supported by the evidence, it is the duty of the jury to adopt the one showing innocence, though the hypothesis of guilt be more probable.

The instruction as tendered was erroneous and did not announce the correct legal principle. In almost every case that goes before a jury, there are two reasonable theories that arise out of, and are supported by the evidence. Thus in a homicide case, five witnesses may testify for the state that defendant shot deceased without excuse or justification, and at a time when deceased was making no hostile demonstration, and when defendant was in no real or apparent danger, etc. Three, or more witnesses may testify for defendant that at the time of the firing of the fatal shot the deceased was advancing on defendant with

a deadly weapon, etc. Here we have a reasonable theory, arising out of the evidence, supporting a theory of guilt, and another reasonable theory, arising out of evidence, supporting a theory of innocence. In the case stated, the jury may believe beyond the shadow of a doubt the testimony for the state, but under the instruction they are bound, under their oaths, to return a verdict of not guilty. There is rarely before this court a case in which this, or some similar situation is not presented. The instruction commands an acquittal in each case.

There may, in any case, arise a reasonable theory of innocence without the existence of a reasonable doubt of guilt. In other words, the testimony may be reasonable, the theory of the defendant may be reasonable, the reasonable theory may be supported by reasonable testimony, and yet there not exist a reasonable doubt of guilt.

The true rule is that if there are two reasonable theories arising out of and supported by the evidence, one favorable to the state, and the other favorable to the accused, and the jury are in doubt which is true, then the jury may accept the one favorable to the defendant.

This is simply another way of stating the proposition that the jury must give the defendant the benefit of the reasonable doubt. They are not bound to give him the benefit of a reasonable theory unless there exists in the minds of the jury a reasonable doubt of the ultimate fact to be proven, that is, the guilt of the accused.

The instruction authorized an acquittal though the jury may believe beyond a reasonable doubt that the defendant is guilty. It authorizes an acquittal on a reasonable theory of innocence, though the jury may have no reasonable doubt of guilt.

Our court has twice had this subject before it since the decision in the *Thompson case,* and in both cases held, in one expressly and in the other inferentially, that the point made by appellant only applies where the jury are in doubt. This was

expressly held in *Fugate v. State,* 85 Miss. 86, and inferentially held in the case of *Windham v. State,* 91 Miss. 845.

Granting the correctness of the instruction, its refusal will not work a reversal in this case because the jury were fully instructed as to their duty to acquit if there was a reasonable doubt of the defendant's guilt. This proposition was embodied in every instruction that was given in the case. It certainly cannot be said that the sixth instruction did more than state this proposition in a different way.

Argued by *W. J. Croom,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

In the court below the defendant requested and was refused the following instruction: "The jury are instructed, for the defendant in this case, that if there arise from the evidence two reasonable theories, one favorable to the state and the other favorable to the defendant, it is their duty to accept the theory favorable to the defendant and acquit him, although the theory favorable to the state is the more reasonable and supported by the stronger evidence."

Even if it should be held that this instruction correctly announced the law, its refusal does not constitute reversible error, for the reason that the court charged the jury over and over again, in several instructions, to give the defendant the benefit of every reasonable doubt, and that they could not find him guilty unless his guilt was proven beyond all reasonable doubt. The defendant was therefore given the full benefit of this principle of law. This instruction seems to have been approved, along with several others, in the case of *Thompson v. State,* 83 Miss. 287, 35 South. 689. That case was properly decided, independent of what view the court may have taken of this particular instruction.

It rarely happens on the trial of a criminal case that two reasonable theories, one favorable to the state and the other favorable to the defendant, do not arise out of and to some extent find support in the evidence. If acted upon literally by juries, this instruction in most cases would amount to a peremptory instruction to find the defendant not guilty. The court below, therefore, not only committed no reversible error in refusing this instruction, but committed no error at all.

*Affirmed.*