JOSEPH ROUX v. CITY OF GULFPORT.

[52 South. 485.]

CRIMINAL LAW AND PROCEDURE. *Assault and battery. Instruction. Reasonable doubt. Two theories.*

In a prosecution for assault and battery, it is not error to refuse an instruction to the effect that the burden is on the prosecution to prove defendant guilty beyond every reasonable doubt, and if from the consideration of all the evidence there arise two reasonable theories, one that the defendant is guilty as charged, and one that the defendant is innocent, then it is the duty of the jury to acquit, even though the theory that he is guilty is supported by more probable evidence.

FROM the circuit court of Harrison county.
HON. THOMAS H. BARRETT, Judge.

Roux, appellant, was convicted in the municipal court of Gulfport for the violation of an ordinance of the city making it an offense against the municipality to commit an assault and battery within its limits.    He appealed from the judgment of the municipal court to the circuit court, was there tried *de novo* and was again convicted and appealed to the supreme court.

The facts upon which the case was decided are stated in the opinion of the court.

*J. H. Mize,* for appellant.

The court below erred in refusing the instruction asked by defendant.

It is true that this court, for whose opinion at all times we have the greatest respect and deference, has decided against this instruction in the case of *Runnels v. State,* 96 Miss. 92, 50 South. 499, and, in criticizing its decision in that case, we do so in the light of the respect and deference we always entertain for the opinions of this court. First, we will say that, in its decision in the *Runnels case,* we do not think this court actually condemned this instruction but upheld its refusal on the ground that it did not constitute reversible error for the reason that the court in that case had charged the jury over and over again in several instructions to give the defendant the benefit of every reasonable doubt, and, when this was done, this instruction, we think, was virtually given, though in different language, as the court in the *Runnels case* held that the defendant had been given the benefit of the principle in the reasonable doubt instructions.

Further, we think that, in the *Runnels case,* the instruction was not correctly drawn, because it told the jury that if there arose from the evidence two reasonable theories, one favorable to the state, and the other to the defendant, it was their duty to accept the theory favorable to the defendant and acquit him, etc. The instruction in the instant case did not put it "favorable to the defendant," but expressed the real and true meaning of the application of the theory, in that the theory had to be a reasonable theory, and the theory had not only to be favorable to the defendant, but had to be a reasonable theory that defendant was innocent. There might arise a theory favorable to the defendant, and yet not reach the point where the theory is

that the defendant is innocent, and we certainly think the refusal of this instruction in the instant case is reversible error, for the reasons above set forth.

*John L. Heiss,* for appellee.

Counsel for appellant recognizes the ruling of this court in *Runnels v. State,* 96 Miss. 92, 50 South. 499, and seeks to break the force of it by differentiating between that case and this at bar, by the fact that in the case of *Runnels v. State, supra,* there were other instructions given which set forth the orthodox rule of giving the defendant the benefit of every reasonable doubt; while, in the instant case, only one instruction was asked by the defendant.    But such distinction is a distinction without a difference, so far as this defendant is concerned.

In the *Runnels case,* the reasoning of the court is set forth, reasoning sound, logical, and just, wherein the court says: "It rarely happens on the trial of a criminal case that two reasonable theories, one favorable to the state, and the other favorable to the defendant, do not arise out of and to some extent find support in the evidence.    If acted on literally by juries, this instruction in most cases would amount to a peremptory instruction to find the defendant not guilty."

Such, among other states, is the holding of the supreme court in Alabama, in *Smith v. State,* 7 South. 103; *Gibson v. State,* 9 South. 171; *Johnson v. State,* 16 South. 99.

McLAIN, C.

Appellant was convicted before the police justice of the city of Gulfport upon affidavit charging him with assault and battery.    He appealed the case to the circuit court of Harrison county, and was convicted and sentenced, from which judgment he prosecutes this appeal.

The only assignment of error that appellant makes in this case

is that the trial court erred in refusing the following instruction: "The court instructs the jury, for the defendant, that the burden of proof is on the city to prove the defendant guilty beyond every reasonable doubt before they can convict him, and if, after consideration of all the evidence in this case, there arise from the evidence in the case two reasonable theories, one theory that the defendant is guilty as charged, and one theory that the defendant is innocent, then it is the duty of the jury to adopt the theory that the defendant is innocent, and acquit him, even though the theory that defendant is guilty is more probably supported by the stronger evidence." This instruction, in substance, is the same charge that was condemned by this court in the case of *Runnels v. State,* 96 Miss. 92, 50 South. 499.

PER CURIAM. The above opinion is adopted by the court.

The judgment is *affirmed.*