## BRADY *v.* STATE.

[91 South. 277. No. 22365.]

1. CRIMINAL LAW. *Indictment and information. Where statute makes punishable the doing of several acts, doing all in one transaction violates the act but once; an indictment may allege defendant did all, employing the conjunction "and" where the statute has "or."*

   Where a statute makes punishable the doing of one thing or another, thus specifying a number of things, then by proper and ordinary construction a person who in one transaction does all violates the statute but once and incurs but one penalty. An indictment on such a statute may allege, in a single count, that the defendant did all of the forbidden things, employing the conjunction "and" where the statute has "or" and it will not be double, and is not subject to demurrer.

2. CRIMINAL LAW. *Evidence held to establish venue in county of trial.*
   Where a crime is alleged to have been committed in the second judicial district of the county, and the testimony to prove the venue is as follows: "Q. Where did that take place (referring to the alleged robbery)? A. Terrapin Bridge. Q. Is that in Jones county? A. Yes. Q. Second district, state of Mississippi? A. Yes"—the context the venue was proven in the Second district of this county.

3. CRIMINAL LAW. *Instruction that of two theories, the jury should take that favoring defendant although other is more reasonable and supported by strongest evidence, held properly refused.*
   It was not error to refuse the following instruction asked by the defendant: "The court instructs the jury that, if there are two reasonable theories arising out of the evidence of this case, one favorable to the state and the other favorable to the defendant, it is the duty of the jury to accept the one favorable to the defendant, although the one favorable to the state is the more reasonable and supported by the strongest evidence." The giving of this instruction has been disapproved by this court.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Vernon Brady was convicted of robbery, and he appeals. Affirmed.

*W. J. Pack* and *J. A. McFarland,* for appellant.

We submit that the indictment attempts to charge both forms of robbery and charges them both in the same count. In furtherance of the same error that we now complain of, when the proof was in, the court gave an instruction to the state, marked number one, telling the jury substantially, that if they believed beyond a reasonable doubt that the robbery consisted of either one or the other form, they should find the defendant guilty. It was error for the court to grant this instruction in the light of the testimony in the indictment, upon which the prosecution rested. *State of Mississippi* v. *James Presley,* 91 Miss. 377, 44 So. 827.

The court erred in refusing to appellant, instruction marked refused number two, which reads as follows: "The court instructs the jury that, if there are two reasonable theories arising out of the evidence of this case, one favorable to the state and the other favorable to the defendant, it is the duty of the jury to accept the one favorable to the defendant, although the one favorable to the state is the more reasonable and supported by the stronger evidence."

Until this court expressly overrules the case of *Thompson* v. *State,* 83 Miss. 287, holding that it was error for the court to refuse this instruction, the bar will continue to invoke the rule there laid down. We are urging this point with *Runnels* v. *State,* 50 So. 499; *Roux* v. *City of Gulfport,* 52 So. 485, and *Saucier* v. *State,* 59 So. 858, before us, but we submit that no one of these cases expressly overrules the Thompson case. In Runnels' case, the court held that the Thompson case was properly decided, "independent of what view the court may have taken of this particular instruction."

In the Roux case, this court through commissioner McLAIN said in speaking of this instruction: "This instruction in substance is the same charge that was condemned by this court in the case of *Runnels* v. *The State.*" But a reading of the Runnels case clearly shows it was not

condemned.   In the *Saucier case supra,* Judge REED in
one short paragraph of his opinion stated that the court
did not err in refusing this instruction, referring to the
Thompson case, but did not overrule it.

The reason given in the Runnels case, namely, that the
defendant had the benefit of several instructions that gave
him the benefit of every reasonable doubt, and was there-
fore not entitled to the principle of law invoked by the in-
struction as to the presumption of innocence, is in con-
flict' we respectfully submit, with *Gentry* v. *State,* 66 So.
982, citing Jones' Blue Book on Evidence, section 12B and
quoting from Lord GILLIS in McKinley's case, 33 How.
State Trials.

If I read these decisions aright, the Runnels case meant
to hold that because defendant received ample instructions
on the reasonable doubt theory, he was therefore not en-
titled, or at least it would not be reversible error to refuse
an instruction on the presumption of innocence, whereas,
the Gentry case holds that although the defendant has
the benefit of the reasonable doubt theory announced to
the jury, he is still entitled to an instruction as to the pre-
sumption of innocence, and that it will be reversible error
to refuse it.   We therefore respectfully submit that the
*Thompson case, supra,* should be followed and if not fol-
lowed it should be overruled.

Wherefore, because of the reasons set forth herein, we
earnestly insist that this case should be reversed and re-
manded for a new trial.

*A. Shipman,* for appellant.

The indictment is bad for duplicity.   The statute, sec-
tion 1361, Code 1906, Hemingway's Code, section 1907, de-
fines the offense of robbery as follows:

"Every person who shall feloniously take the personal
property of another in his presence, or from his person,
and against his will, by violence, to his person, or by put-
ting such person in fear of some immediate injury to his
person, shall be guilty of robbery.   The indictment charges:
'That Vernon Brady . . . in and upon one Wesley

Hopkins feloniously, did make an assault and him, the said Wesley Hopkins, did then and there feloniously put in bodily fear of immediate injury to his person, and ten dollars and forty cents . . . of the property of the said Wesley Hopkins, and one pocketknife of the value of one dollar and fifty cents, of the property of the said Wesley Hopkins, from the person and against the will of the said Wesley Hopkins, then and there feloniously and violently did take, steal and carry away, against the peace,' etc. The offense of robbery in this statute is a statutory crime, and the language of the statute should be strictly pursued." *Smith* v. *State,* 82 Miss. 793.

The statute is in the disjunctive: 1st. In the presence of the person robbed; or 2nd. From his person; in either case against his will by violence to his person; or 3rd. By putting him in fear of some immediate injury to his person.

The indictment in this case attempts to charge two of the three different forms of robbery in a single count. Citing *State* v. *Braderick,* 59 Mo. 318; *State* v. *Stinson,* 124 Mo. 447; *Cromwell* v. *State,* 149 Mo. 391, 50 S. W. 893; *Smith* v. *State,* 82 Miss. 793; *Webb* v. *State,* 99 Miss. 545.

2nd. There was no proof of the venue as laid in the indictment, The proof of the venue must be proved, as laid in the indictment. *Cagle* v. *State,* 106 Miss. 370, 63 So. 672; *Quillen* v. *State,* 106 Miss. 831, 64 So. 831.

There are two judicial districts in Jones county, the indictment lays the crime as having been committed in the second district. The only proof of venue attempted by the state is shown at page 4 of the record. We adopt the argument of our associate as our own and the authorities cited by them. *Pollard* v. *State,* 53 Miss. 410.

The defendant is never required in any phase of a criminal trial to prove his defense to the satisfaction of the jury. It is sufficiently established, if, upon a consideration of all the evidence, there should be engendered a reasonable doubt of the guilt of the accused. *Dawson* v. *State,* 62 Miss. 241, citing numerous authorities.

Wherefore, for the manifest errors set out, as well as
the peculiar and exceptional circumstances surrounding
this case, the tremendous consequence to the appellant in-
volved, we most respectfully submit that your honors will
reverse the case and grant appellant a new trial, in which
he may have the benefit of all his legal rights, and of such
evidence as he was unable to command upon his trial in
the first instance.

*D. C. Enochs,* assistant attorney-general, for the state.

The first complaint of the appellant is that venue was
not proven by the state in this case. Appellant admits
that the crime was proven to have been committed in Jones
county, and in the state of Mississippi. But he says it
was not proved that the crime was committed in the sec-
ond judicial district of Jones county, but in the second
district of Mississippi. He says there are a great many
second districts, of Mississippi, and that what they are
in reference to any particular subject, depends upon the
subject.

Now, when we consider the subject inquired about by
the district attorney when he interrogated Mr. Hopkins
in reference to the place the crime was committed, it is
clear to my mind that venue was proven. It is is true
the district attorney does not say second judicial district,
but that is clearly understood when the subject-matter is
considered. It is inescapable that the district inquired
about was the second judicial district of Jones county and
it is inescapable that by the questions and answers the
venue was proven.

Appellant next contends that the lower court erred in
overruling his demurrer to the indictment. He contends
that the indictment was demurrable because it charges
the taking of the property from the person of Mr. Hop-
kins, to have been done by violence to his person and by
putting him in fear of some immediate injury to his per-
son. As I understand it, he contends that one count

should have charged the taking to have been done by violence to his person, and that another count should have charged the taking to have been done by putting Mr. Hopkins in fear of some immediate injury to his person.

The indictment in this case charges a felonious taking of the personal property of Wesley Hopkins from his person, and against his will, by violence to his person and by putting him in fear of some immediate injury to his person, and it is the contention of opposing counsel that the taking cannot be charged to have been done both by violence to his person and by putting him in fear of immediate injury to his person, in one count.

Opposing counsel contends that one count should have charged the taking to be by violence to the person, and that another count should have charged the taking to be by putting the person in fear of some immediate injury to his person; that the taking by both means cannot be charged in one count. But if it is robbery to take the property by either of the above means, it is certainly robbery to take it by both of said means; and if it was taken by both of said means it was proper to so charge in one count, and not in two counts; for if in two counts, the state would fall down on its proof, neither count charging sufficient in itself to convict.

The case cited by opposing counsel of *State* v. *Pressley* 91 Miss. 377, was one on a demurrer to an indictment wherein it was contended that the indictment failed to charge that the taking was done by both of the aforesaid means. In other words, the attorney for Pressley was contending that the indictment in that case should have been drawn as the indictment in the case at bar, contending that it took both means to constitute robbery, to which contention this court in that case replied in the language quoted therefrom by opposing counsel in his brief, that: "Taking the property from and by violence to the person, is one thing under the statute, and putting the person in fear of injury is another."

In other words, what this court meant to say thereby was that proof of the use of either means would constitute robbery, and that an indictment was good that only charged the use of one of the means, *a fortiori*, would an indictment be good that charged the taking by the use of both of said means.   And if the property was taken by the use of both means it should be so charged in one count. *State v. Montgomery*, 109 Mo. 645, 19 S. W. 221; 32 Am. St. Rep. 684; *State* v. *Murphy*, 47 Mo. 274; *State* v. *Fancher*, 71 Mo. 460; *State* v. *Pittman*, 75 Mo. 56; *State* v. *Bregard*, 76 Mo. 322; *State* v. *Fitzsimmons*, 30 Mo. 235; Kelly's Criminal Law and Practice, sec. 186; 10 Am. & Eng. Ency of Law, 599b, 599c, 599d.

The next complaint of appellant is that the lower court erred in refusing the appellant the instruction requested by him, which is shown at the bottom of page 13, of the record, and commonly called the "two theory instruction." This instruction was approved in the case of *Thompson* v. *State*, 83 Miss. 287, which is the case relied upon by the appellant.

The next mention by this court of that instruction correctly announced the law.   Its refusal does not constitute reversible error, for the reason that the court charged the jury over and over again, in several instructions, to give the defendant the benefit of every reasonable doubt, and that they could not find him guilty unless his guilt was proved beyond all reasonable doubt.   The defendant was therefore given the full benefit of this principle of law.   This instruction seems to have been approved, along with several others, in the case of *Thompson* v. *State*, 83 Miss. 287, 35 So. 689.   That case was properly decided, independent of what view the court may have taken of this particular instruction.

It rarely happens on the trial of a criminal case that two reasonable theories, one favorable to the state and the other favorable to the defendant, do not arise out of and to some extent find support in the evidence.   If acted upon literally by juries, this instruction in most cases

would amount to a peremptory instruction to find the defendant not guilty. The court below, therefore, not only committed no reversible error in refusing this instruction, but committed no error at all.

The next mention we find of this instruction by this court, is in the case of *Roux* v. *City of Gulfport*, 97 Miss. 559, wherein this court, speaking through Commissioner McLAIN, said: "This instruction, in substance, is the same charge that was condemned by this court in the case of *Runnels* v. *State*, 96 Miss. 92, 50 So. 499."

The next mention we find of the Thompson case by this court is in the case of *Saucier* v. *State*, 102 Miss. 647, at page 659, wherein this court, speaking through Judge REED said: "It is. claimed in the briefs of counsel for appellant that the court erred in refusing to give two instructions offered whereby the jury were told that if there were two hypotheses of the case in the minds of the jury, one that the defendant is innocent, and the other of his guilt, the jury should adopt the one of innocence, even though the other is supported by the greater evidence. Counsel cite the case of *Thompson* v. *State*, 83 Miss. 389, 35 So. 689, to sustain their contention. The court did not err in refusing to give these instructions. See *Runnels* v. *State*, 96 Miss. 92, 50 So. 499; *Roux* v. *City of Gulfport*, 97 Miss. 559, 52 So. 485. I think it may be safely said that the Thompson case has been overruled.

So I say, if it was not error to refuse the instruction in the Runnels case, it was not error to refuse it in this case, conceding, for the sake of argument, that it was a proper instruction in the Thompson case.

The case of *Gentry* v. *State*, 108 Miss. 505, 66 So. 982, is not in point here. That case is not on the two-theory instruction, but merely decides that an instruction as to reasonable doubt will not supply the place of an instruction as to presumption of innocence, when the latter is requested. It will be noted that by instruction No. 6 granted the appellant, the jury was charged that the appellant was presumed to be innocent, and that this presumption

started at the beginning of the trial and followed him throughout the entire trial, until overcome by testimony sufficient to remove all reasonable doubt of his guilt. If instruction No. 6 granted the appellant had been refused, the Gentry case would have been in point on the error of such refusal.

I, therefore, respectfully submit that the case should be affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellant was indicted and convicted of the crime of robbery and sentenced to serve a seven-year term in the penitentiary. From which judgment he prosecutes this appeal.

The material averments of the indictment are as follows:

"That Vernon Brady, on the 6th day of September, 1921, in the county and district aforesaid in and upon one Wesley Hopkins feloniously did make an assault and him the said Wesley Hopkins did then and there feloniously put in bodily fear of immediate injury to his person, and ten dollars and forty cents of good and lawful money of the United States of America, of the value of ten dollars and forty cents, of the property of the said Wesley Hopkins, and one pocketknife, of the value of one dollar and fifty cents, of the property of the said Wesley Hopkins, from the person and against the will of the said Wesley Hopkins, then and there feloniously and violently did take, steal, and carry away, against the peace and dignity of the state of Mississippi."

There was a demurrer filed and overruled to this indictment, and the first assignment of error is predicated upon this action of the court. While the demurrer contains several grounds, the one upon which the appellant insists the court should have sustained the indictment is as follows:

"Said indictment attempts to charge in one count two separate and distinct methods of robbery."

The indictment was drawn under section 1361, Code of 1906 (section 1097, Hemingway's Code). It is the contention of the appellant that, under this section of the Code, there are two different forms or kinds of robbery, namely, one is the felonious taking or stealing the personal property of another in his presence or from his person against his will by violence to his person; or, second, by putting such person in fear of some immediate injury to his person. The indictment in this case charges both, namely, the violence to the person and the putting him in fear of some immediate injury to his person.

While it is true that robbery may be committed in either one of these two ways, namely, by violence to the person or by putting the person in fear of immediate injury to his person, yet it is also true that, where robbery is committed by doing both of these acts, namely, by the use of personal violence and putting such person in fear of immediate injury to his person, there is but one crime charged, namely, that of robbery. The method of committing the robbery was by the means described in both parts of the statute. While either would have been robbery, yet the use of both only makes the party doing both acts guilty of the one crime of robbery. The conjunctive conjunction "and" is used in the indictment. The indictment in this case comes squarely under the rule announced in Bishop's Criminal Procedure, vol. 1, section 436, which reads as follows:

"A statute often makes punishable the doing of one thing, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double,

and it will be established at the trial by proof of any one of them."

This rule is quoted with approval in *Jimerson* v. *State,* 93 Miss. 685, 46 So. 948, which is directly in point. It therefore follows that the court was correct in overruling the demurrer.

It is also insisted that the state failed to prove the venue. The testimony upon this question is as follows:

"Q. Where did that take place (referring to the alleged robbery)? A. Terrapin Bridge.

"Q. Is that in Jones county? A. Yes.

"Q. Second district, state of Mississippi? A. Yes."

It is the contention of the appellant that Jones county is in the Second chancery court district and the second supreme court district of the state, and that these questions and answers could have meant these districts, as well as the Second judicial district of Jones county. We think, however, from the context the Second district referred to was the second judicial district of Jones county, state of Mississippi.

It is also urged that the court was in error in refusing instruction No. 3, requested by the appellant. This instruction reads as follows:

"The court instructs the jury that, if there are two reasonable theories arising out of the evidence of this case, one favorable to the state and the other favorable to the defendant, it is the duty of the jury to accept the one favorable to the defendant, although the one favorable to the state is the more reasonable and supported by the stronger evidence."

Under the testimony in this case, the person who was robbed identified this appellant as one of the two men who robbed him. While this refused instruction was approved by the court in the case of *Thompson* v. *State,* 83 Miss. 287, 35 So. 689, since that time it has been held at least three times that it was not error to refuse it. In fact, the giving of this instruction in these later cases has been disapproved. These cases are *Runnels* v. *State,*

96 Miss. 92, 50 So. 499; *Roux* v. *City of Gulfport,* 97 Miss. 559, 52 So. 485; *Saucier* v. *State,* 102 Miss. 647, 59 So. 858, Ann. Cas. 1915A, 1044.

Without setting forth in detail the facts testified to by the man who was robbed, suffice it to say that, from his testimony, the jury were warranted in believing that this appellant and another man robbed him, both by putting him in fear of some immediate injury to his person, and also by violence to his person.

We find no errors in the action of the trial judge. The judgment of the lower court is affirmed.

*Affirmed.*