# WILEY *v*. STATE.

[91 South.   906.   No. 22159.]

1. BURGLARY.   *Evidence as to identity of goods found in defendant's possession held sufficient to present a jury question.*

    A mercantile store was burglarized at night, and six pairs of W. L. Douglas shoes stolen therefrom, one pair of which was W. L. Douglas russet shoes size No. 7.   The defendant later was found in possession of a pair of W. L. Douglas russet shoes No. 7, and otherwise corresponding to the stolen pair referred to.   Defendant testified that he came into possession of the shoes on the night of the burglary and a few hours  thereafter by purchase from another person, but before the trial, when found in possession of the shoes by the officers the defendant made an entirely different statement explaining such possession;   and the evidence showed that the merchants whose store was burglarized were the only merchants in that community handling W. L. Douglas shoes.   *Held*, the evidence sufficiently identified the shoes ·found in possession of the defendant as being one of the pairs of shoes stolen, so that it was a question for the jury.

2. BURGLARY.   *Criminal law.   Instruction on defendant's possession of stolen goods erroneous for not requiring it to be recent, but harmless in view of defendant's testimony.*

    In a case where defendant is charged with burglary and larceny and admitted as a witness in his own behalf that he acquired possession of the stolen goods in question only a few hours after the crime was committed, and the court instructed the jury for the state that mere possession of such stolen goods by the defendant, unexplained, was prima facie evidence of defendant's guilt, without the qualification that such possession must have been recent after the crime, *held*, said instruction, although erroneous, was harmless because of defendant's said admission that his possession was recent after the commission of said crime.

3. CRIMINAL LAW.   *Refusing correct instruction where subject-matter was amply covered by others is not error.*

    It was not error for the court to refuse an instruction although correct, where the subject-matter of such instruction was amply covered by other instructions given in the case.

APPEAL from circuit court, Alcorn county.

HON. C. P. LONG, Judge.

Rich Wiley was convicted of burglary, and he appeals. Affirmed.

*Ely B. Mitchel,* for appellant.

It is recent possession of stolen goods that raises a reasonable presumption of a person's guilt in whose possession the stolen goods are found.

Counsel for appellee admits that the above statement of the law is correct but argues, that the following charge, "The court charges the jury for the state that the possession of stolen goods which have been taken from a burglarized building, not satisfactorily explained is *prima-facie* evidence of both the burglarly and the larceny," given for the state is correct although it leaves out the essential element as to time in the presumption of guilt arising from the possession.

The jury are to decide a case according to the law and the evidence. The law is given to the jury by the court through proper instructions which are based upon the evidence of the case. In this case counsel for appellee contends that the evidence aids this incorrect instruction and with the assistance of the evidence the instruction is a correct statement of the law. If this is a correct instruction when assisted by the facts in the case, who is to make the evidence assist the instructions? The jury of course, and if they knew the law it would be useless for the court to charge them. This charge leaves out the idea of presumption of guilt arising from the recent possession of stolen goods. In *Davis* v. *State,* 50 Miss. 86, 92, Judge TARBELL uses the following language: "The first instruction for the prosecution directs the jury that if the accused is found in possession of goods feloniously taken from Mr. Phillips and had failed to give a satisfactory account of such possession they should find him guilty.— The question of time and the idea that Davis might have

been the receiver or purchaser of the goods, in his possession being pretermitted."

As a whole the instructions leave no discretion in the jury and thus they lead to certain conviction. The first wholly omits the rules as to time as an element in the presumption of guilt arising from possession.

This instruction is peculiarly obnoxious, inasmuch as possession, and not the recent posession, is said by it to raise a legal presumption of guilt. Hence, it is doubly erroneous. *Harper* v. *State,* 71 Miss. 202; *Stock* v. *State,* 58 Miss. 657; *Mathews* v. *State,* 61 Miss. 155; *Jones* v. *State,* 26 Miss. 247; *Jones* v. *State,* 30 Miss. 653.

The appellant asked the following instruction: "The court instructs the jury for the defendant that the burden is upon the state to show to a moral certainty and beyond all reasonable doubt that the defendant did not buy the shoes from Shell Haley, and unless the state has done this you will find the defendant not guilty." The court refused this instruction.

The appellant testified that he bought the shoes from Shell Haley. Shell Haley testified that he sold him the shoes. This I consider is a reasonable explanation of the possession of the shoes by Rich Wiley. If this is a fact then the above instruction should have been given to the jury for them to decide whether or not his explanation was a reasonable explanation and to inform them that the burden was upon the state to show that this was not a reasonable explanation.

In *Jones* v. *State,* 30 Miss. 653, was an indictment for the larceny of a knife. The knife was found in the possession of Jones about three weeks after its loss. It was held upon two grounds that the evidence was not sufficient to support the verdict. The reason for this view of the case was this: "first, the deportment of the accused in connection with the charge and finding of the knife; second, the reasonableness of his account of how he came by the knife."

In order for a jury to decide a case correctly it is very important for the jury to know upon whom the burden of proof rests. In this charge they were told that the burden was upon the state to show that the appellant's explanation of how he came into possession of the shoes was not a reasonable explanation, or in other words, to show that he did not buy the shoes from Shell Haley as testified to by the witnesses for the appellant, and this charge is the only one among all the charges that states upon whom the burden rests, upon this state of facts. Therefore, when this instruction was refused by the court he committed error which we consider is reversible error, and for this reason alone this case should be reversed.

*D. C. Enochs,* assistant attorney-general, for the state.

The appellant complains that the lower court erred in granting in behalf of the state the second instruction set out on page forty of the record, whereby the jury was charged that the possession of stolen goods, which have been taken from a burglarized building, not satisfactorily explained, is *prima-facie* evidence of both the burglary and the larceny.

The appellant complains that it is the "recent" possession of stolen goods, etc., that constitutes *prima-facie* evidence. It is true that the rule, is that "recent" possession raises a reasonable presumption against the possessor. But the jury need not be charged that it is the "recent" possession in a case like this, where the defendant, himself swears on the witness stand that he has had the possession of the property since six o'clock A. M. of the morning following the night of the burglary. According to the sworn testimony of the appellant himself, he had had the possession of the shoes since within less than twelve hours of the burglary. The strength of this presumption of guilt arising from recent possession of stolen goods after the time of the theft, is stronger or weaker, depending upon the length of time that elapsed between the time of the theft

and the possession of the goods by the accused, and also upon the nature of the property. As said by this court in *Davis* v. *State*, 50 Miss. 86, at the bottom of page 94: "From the nature of the case, it is not possible to fix any precise period within which the effect of this rule can be limited; it must depend not only upon the mere lapse of time, but upon the nature of the property and the concomitant circumstances of each particular case." If the appellant had not testified that he had had the shoes in his possession since the morning after the night of the burglary, there might be some merit in this contention of the appellant.

The appellant complains that the lower court erred in refusing him the instruction set out at the top of page forty-one of the record where it was sought to charge the jury that the burden of proof was upon the state to show beyond a reasonable doubt, that the appellant did not buy the shoes from Shell Haley, and that unless the state discharged that burden, the jury should find the appellant not guilty.

It will be noted that the court charged the jury as shown on page forty-three, of the record, that it should acquit the appellant if it believed the defendant bought the shoes from Shell Haley, notwithstanding they may have been stolen from the burglarized store. And it will be noted, as shown on page forty-four of the record that the court charged the jury to acquit the appellant, if the state had failed to show beyond a reasonable doubt and to a moral certainty that the appellant was not at home on the night of the burglary.

The account of his possession, given by the appellant, is unreasonable. To say the least, the account given by him on his trial is not the account given by him when the shoes were discovered in his possession. In other words, the appellant has given two entirely different explanations of how he came by the possession of the shoes. Each explanation is unreasonable in itself.

The appellant next complains that the lower court erred in refusing him the instruction whereby it was sought to

charge the jury that before it could convict the appellant upon circumstantial evidence, the proof must rise so high as to exclude any other reasonable hypothesis than that he is guilty, and that if there was any reasonable hypothesis on which the defendant could be innocent, it was the duty of the jury to adopt such hypothesis.

It will be observed by the court that the trial court noted his reason for refusing this instruction on the bottom of same, because the evidence on both sides is positive.

"A hypothesis is a proposition, condition or principle which is supposed or taken for granted, in order to draw a conclusion or inference for proof of the point in question; something not proved, but assumed or conceded for the purpose of argument, or to account for a fact or an occurrence, as the hypothesis that head winds detain an overdue steamer," Webster's New International Dictionary, by G. & C. Meriam Co., 1920 Edition. As said by James Stewart Mill: "A hypothesis being a mere supposition, there are no other limits to hypothesis than those of the human imagination." The idea the court had in refusing this instruction was that since all the evidence was positive on both sides, there was no occasion to indulge in hypothesis. I think what this court said in reference to what is commonly called the two-theory instruction, applies as well to the instruction the refusal of which is here complained of. The two-theory instruction was approved in the case of Thompson v. State, 83 Miss. 287.

The next mention by this court of that instruction is found in the case of Runnels v. State, 96 Miss. 92. This instruction seems to have been approved, along with several others, in the case of Thompson v. State, 83 Miss. 287, 35 South. 689. That case was properly decided, independent of what view the court may have taken of this particular instruction. Roux v. City of Gulfport, 97 Miss. 559; Runnels v. State, 96 Miss. 93, 50 South. 499; Saucier v. State, 102 Miss. 647.

Counsel cite the case of Thompson v. State, 83 Miss. 289, 35 South. 689, to sustain their contention. The court did

not err in refusing to give these instructions. See *Runnels* v. *State,* 96 Miss. 92, 50 South. 499; *Roux* v. *City of Gulfport,* 97 Miss. 559, 52 South. 485.

I think it may be safely said that the Thompson case has been overruled. But let us say, for the sake of argument, that it has not been overruled, but differentiated. Then I say the case at bar is different from the Thompson case, and turns on the same differential that the Runnels case turns on.

In the case at bar several of the instructions for the defendant impressed it upon the jury that they could not find the defendant guilty unless his guilt was proven beyond all reasonable doubt. So that conceding for the sake of argument, that the evidence warranted the jury to theorize in the case at bar, the refusal of this instruction was not reversible error because of the many instructions in favor of the defendant charging the jury that they could not convict the defendant unless they believed him guilty beyond a reasonable doubt.

ANDERSON, J., delivered the opinion of the court.

Appellant, Rich Wiley, was indicted and convicted in the circuit court of Alcorn county on a charge of burglarizing the storehouse of C. A. Turner & Son in the city of Corinth and stealing therefrom one pair of shoes, from which judgment he prosecutes this appeal.

The storehouse of C. A. Turner & Son, merchants, in the city of Corinth, was burglarized on the night of February 10, 1921, and there was stolen therefrom six pairs of W. L. Douglas shoes. The shoes which were stolen had been left, when the store was closed on the evening of February 10, 1921, setting just inside the plate glass window of the store. The empty boxes out of which the shoes in the window had been taken were left on the shelf, and on each of such boxes there was written W to indicate that the shoes were in the show window. These empty boxes, in addition to having the letter W marked thereon, had marked on each

of them the size of the shoes which it had contained, and
the cost mark thereof. One of the parts of shoes so left in
the store window and stolen was a russet shoe made by
W. L. Douglas, size No. 7. The pair of shoes found in pos-
session of appellant corresponded exactly as to description
and size with this missing pair. About three weeks after
the commission of the crime appellant was found in pos-
session of a pair of W. L. Douglas No. 7 russet shoes. C. A.
Turner, one of the owners of the mercantile business of C.
A. Turner & Son, and J. W. Paden, a salesmen in their
store, testified to the facts above stated, and further that
said C. A. Turner & Son alone, of the merchants in that
vicinity, handled the W. L. Douglas shoes, and that the
pair found in possession of appellant corresponded exactly
in all respects with one of the stolen pairs.

Appellant testified that about six o'clock on the morn-
ing of February 11, 1921 (the morning after the commis-
sion of the crime), he bought the pair of shoes in question
from Shell Haley, another negro, paying him therefor four
gallons of molasses. And Shell Haley testified on behalf of
appellant to the same effect, and stated further that he ac-
quired the shoes in this manner: That he was night
watchman for the Berkheiser Lumber Company; that on
the night of the 10th of February, 1921 (the night of the
crime), he was engaged as usual in watching the plant of
his employer, located in the city of Corinth, when a white
man came up to the engine to warm himself (it being cold),
and while standing there warming that he, the witness,
called to him to halt; thereupon the white man, who had
an old shirt thrown off his shoulder with something in it,
turned and ran, and when he did so the witness shot at him
twice, and he dropped three pairs of shoes out of the old
shirt, which the witness picked up, and about six o'clock
the next morning sold appellant the pair of shoes the lat-
ter was found in possession of, being a pair of W. L. Doug-
las russet No. 7 shoes. Appellant and the witness Shell
Haley both admitted on cross-examination that before the
trial, when approached by the officers and questioned as

to their possession of the shoes, they accounted for their possession in an entirely different way from that to which they testified. In other words, both of them admitted that their statements out of court explaining their possession of the shoes were directly controdictory of their evidence in court with reference to such possession.

It is contended on behalf of appellant that the evidence is insufficient to identify the shoes found in the possession of the appellant as the shoes stolen from the store of C. A. Turner & Son; and the case of *Jackson* v. *State*, 118 Miss. 602, 79 South. 809, is relied on with much confidence as sustaining that contention. The Jackson Case was not as strong a case for the state as this. There a store was burglarized and some groceries (the same character of groceries sold by all grocery stores) stolen therefrom. The defendant was found in possession of some groceries that corresponded in description with those stolen. When arrested the defendant gave a reasonable explanation of his possession. He stated that he had bought the groceries from some boys, whose names he gave, who had purchased them to use on a camp fishing trip, and who had for some reason abandoned the trip. There was nothing whatever in the way of marks or other means identifying the groceries found in possession of defendant as being the same groceries as had been stolen. The court held that the testimony was insufficient to sustain the conviction, and in the opinion laid stress on the fact that the record failed to show that the same character of goods were not sold by numerous other merchants in the community.

In the present case the evidence shows that C. A. Turner & Son were the only merchants in the vicinity where the crime was committed who handled W. L. Douglas shoes. And in addition appellant's evidence strengthened the identification of the shoes as being those stolen, in this, that he and the witness Shell Haley, from whom he claims to have bought the shoes, both testified that appellant bought them from said Haley at about six o'clock on the morning following the night of the crime; and in addition

the witness Haley testified, as stated above, that on the night of the burglary some unknown white man came to the plant where he was watching and when he called him to halt and shot at him, he dropped three pairs of shoes, one of which was the pair sold by him to, and found in the possession of, the appellant: We therefore have here only one merchant in the community handling the character of goods stolen; and on the very night of the crime appellant acquired possession of the stolen shoes through Shell Haley under suspicious circumstances, who claimed to have gotten them from some unknown person, whose possession, to say the least of it, had the appearance of being suspicious. We conclude that the jury had a right from the facts and circumstances in evidence to disbelieve the entire evidence of the appellant and his witness Shell Haley as to how they came into possession of the shoes. On the other hand, they had a right to believe that part of their evidence to the effect that they acquired possession of the shoes a few hours after the storehouse of C. A. Turner & Son had been burglarized. And, so believing, the jury were justified in finding, as they must have done, that the explanation of appellant as to how he came into possession of the shoes was unreasonable, and that therefore, under all the evidence in the case, appellant was guilty of the burglary and larceny. We think the evidence was sufficient to go to the jury on the question of the identification of the shoes.

Appellant assigns as error by the trial court, the giving of an instruction for the state whereby the jury were charged that possession of stolen goods which had been taken from a burglarized building not satisfactorily explained was *prima-facie* evidence of both the burglary and the larceny. The criticism of the charge is that it told the jury that the possession alone by the appellant of the stolen goods, unexplained, was *prima-facie* evidence of the guilt of the appellant of both the burglary and larceny charged. There was left out of the instruction the quali-

cation that the possession must have been recent after the crime. The criticism of this instruction is well founded. However, the giving of it was entirely harmless to the appellant under the facts of this case, for the reason that in his own testimony he admitted that his possession of the shoes was a recent possession; that only a few hours after the store was burglarized and the shoes stolen therefrom he bought the pair in question from Shell Haley. Recent possession of the stolen goods having been admitted by the appellant, there was no longer any issue before the jury as to that question.

Appellant assigns as error the refusal by the court to instruct the jury that the burden was upon the state to show beyond a reasonable doubt and to a moral certainty that the appellant did not buy the shoes in question from Shell Haley, and, unless the state had so proven, they should find the appellant not guilty. The court gave substantially the same instruction for the appellant as that refused; for one of the instructions given for appellant told the jury that, even though they believed from the evidence that the shoes found in the possession of appellant were stolen out of the store of C. A. Turner & Son, yet, if they believed that appellant bought the shoes from Shell Haley, then they should find him not guilty. And furthermore in other instructions the jury were told in varying phraseology that they could not convict the defendant unless his guilt was shown beyond a reasonable doubt. We are of opinion, therefore, that the court committed no harmful error in refusing said instruction.

The action of the court in refusing the two-theory instruction requested by appellant is assigned as error. This action of the trial court was not error, as held in *Runnels* v. *State,* 96 Miss. 92, 50 South. 499; *Roux* v. *City of Gulfport,* 97 Miss. 559, 52 South. 485; *Saucier* v. *State,* 102 Miss. 647, 59 South. 858, Ann. Cas. 1915A, 1044.

*Affirmed.*