SIMMONS, et al. *v.* STATE.

In Banc. Mar. 13, 1950.

No. 37471 (44 So. (2d) 857)

W. U. Corley and Hannah, Simrall & Aultman, for appellants.

George H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

Appellants were jointly indicted, tried and convicted of grand larceny arising out of the theft of a yearling valued at $100.00. On several occasions they admitted the crime and these admissions were received in evidence over objection of appellants after a preliminary inquiry in the absence of the jury.

Appellants contend that these admissions were improperly submitted to the jury because the corpus delicti was not sufficiently proved. The proof offered by the State prior to the confessions shows that the yearling in question, without the consent of the owner, was removed in the nighttime from a secure enclosure where it was penned with other cattle; there had been a rain on that evening and the ground was muddy; upon discovery of the absence of the yearling from the enclosure, its owner and one of his employees found tracks of the yearling and also tracks of two men leading from the pen and along a road for about one-half mile and then leading from the road into an old field about one hundred yards from the road where the yearling was found with a long rope tied about its horns and head and at that point there were still the tracks of the two men. The appellants were seen in the road and identified while the search was being made for the yearling and upon being accosted they fled into the woods. One of them was apprehended before daylight on the next morning at the home of his brother, and the other was apprehended a day later. They not only admitted the taking of the

yearling but said that they had arrangements made with the owner of a truck who was to haul the yearling away for sale at a distant market.

██ We are of the opinion that the corpus delicti was sufficiently established to justify admission of the confessions in evidence. In 32 Am. Jur., p. 896, Larceny, Section 10, it is said: "Generally speaking, and ██ in the absence of statutory modifications, it is essential to every larceny that there be (1) a felonious or fraudulent taking or caption, accompanied by (2) the carrying away or asportation by one person of (3) the personal goods or property of another which may be the subject of larceny. Such taking must be (4) without the consent and against the will of the owner, involving a trespass to the latter's possession or its equivalent, and (5) with a felonious intent on the part of the taker, existing at the time of the taking, to steal the same." In this case every essential element of larceny except the intent was shown by the evidence, and ██ the intent may be inferred from the circumstances surrounding the taking, i. e., that it occurred under the cover of darkness and that after the asportation the property was concealed. "The wrongful taking of another's property without his consent and with no apparent purpose of returning it is, in the absence of explanatory circumstances, evidence of an intent to deprive the owner wholly of his property. . . ██ Secrecy has been said to be the usual evidence of felonious intent in larceny, and where it is shown that the property was secretly taken, no other motive appearing, the inference is proper that it was taken feloniously." 32 Am. Jur., Larceny, Section 137.

In the recent case of Ruffin v. State, 205 Miss. 642, 39 So. (2d) 269, 270, this Court collated numerous authorities upon the question of sufficiency of proof of the corpus delicti before a confession may be admitted, and quoted with approval from Pope v. State, 158 Miss. 794, 131 So. 264, as follows: ██ "In order for the corpus

delicti to be established by evidence aliunde the confessions, it is not necessary that the proof aliunde should show the crime or corpus delicti beyond a reasonable doubt, but it is sufficient to show it by a preponderance of the evidence or by evidence amounting to a probability, and then the confessions will be received, and, if the confessions coupled with the proof of the corpus delicti aliunde show the corpus delicti beyond a reasonable doubt, it is sufficient.'' Under these circumstances we are of the opinion that the crime was sufficiently proved and that the confessions were properly admitted in evidence.

Appellants also assign as error the action of the lower court in refusing an instruction in the following words: "You are instructed further for the defendant that where two reasonable theories arise in the trial of a case from the evidence, one favorable to the state and one favorable to the defendant as to the guilt or innocence of the defendant, it is your sworn duty to adopt that theory most favorable to the defendants and find them not guilty.'' We would not notice this assignment but for the fact that the same point has been raised in numerous cases recently before us, and we feel it appropriate to call the attention of the bar of this State to the fact that instructions similar to this have been repeatedly condemned by this Court. Runnels v. State, 96 Miss. 92, 50 So. 499; Roux v. City of Gulfport, 97 Miss. 559, 52 So. 485; Saucier v. State, 102 Miss. 647, 59 So. 858, Ann. Cas. 1915A, 1044; Wiley v. State, 129 Miss. 196, 91 So. 906; Brady v. State, 128 Miss. 575, 91 So. 277; Carter v. State, 140 Miss. 265, 105 So. 514; Lott v. State, 204 Miss. 610, 37 So. (2d) 782. There may be rare instances where the granting of such an instruction is proper when the proof for the State rests upon mere circumstances and not upon direct testimony, Jones v. State, 183 Miss. 408, 184 So. 810, but such is not the case here presented, and the refusal of the instruction is not error.

Affirmed.