RODGERS, Justice:
The appellant, James W. Lewis, was indicted, tried and convicted of the crime of grand larceny in the Circuit Court of Simpson County, Mississippi. He was sentenced to serve a term of two years in the state penitentiary. He has appealed to this Court and now contends that he is entitled to a new trial because, it is said, the trial court should have directed a verdict of not guilty since it is contended that the verdict was contrary to the law and evidence.
The evidence in this case shows beyond question that the appellant took a 1966 Mercury automobile belonging to E. O. Berry Motor Company from its used car lot at Magee, Mississippi, and drove it to Forest, Mississippi, where he was arrested for being drunk. Appellant admitted that he was drinking on the night he took the automobile.
The defendant did not testify and the testimony of his wife tends to show that the defendant thought that he had purchased the Mercury automobile and that all he had to do was to sign the papers later.
The facts were presented to the jury and we must hold, as we have often done heretofore, that the jury is the judge of the weight and worth of the testimony. The issue as to whether or not the defendant was so drunk that he could not form a criminal intent to steal the automobile was submitted to the jury on proper instructions and the jury had ample testimony on which to base its verdict that the defendant knew what he was doing, not only because he drove the vehicle, but because the next morning he told the used car dealer that he did not get the automobile.
The trial court refused the following instruction requested by the appellant:
The Court instructs the jury for the defendant, James W. Lewis, that to constitute the offense of larceny, the property must be taken wrongfully or fraudulently, with intent to convert it to the taker’s own use, and make it his own property, or to deprive the owner of it. If there be no such intention, the taking amounts to a Trespass only. If the taking be open, and in the presence of the owner or other persons this carries with it evidence that it is only a trespass.
The appellant argues that the foregoing instruction was proper because if the appellant did not intend to steal the vehicle he was not guilty of larceny. He cites Simmons v. State, 208 Miss. 523, 44 So.2d 857 (1950), Hubbard v. State, 41 So.2d 1 (Miss.1949), and Littlejohn v. State, 59 Miss. 273 (1881). These cases hold that there must be an intent permanently to deprive the owner of his property. We agree that this is clearly the law. The trouble here is that there are no facts on which to base this instruction. The mere fact that the defendant’s wife thought he had bought the automobile is insufficient to excuse the defendant from the consequence of his acts.
In the case of Crouse v. State, 229 Miss. 15, 89 So.2d 919 (1956), this Court pointed *807 out that a similar instruction was properly refused because there was no proof that the property taken was “taken openly in the presence of third persons.” The Court also said, “The requested instruction was based upon assumed unproven facts. It was properly refused.”
We are also of the opinion that there is nothing in the record on which to base a contention that the defendant took the automobile in the presence of others with the purpose of returning it or buying it. The instruction was properly refused.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, TJ., concur.