## ELIJAH A. MIXON *v.* THE STATE.

1. CRIMINAL LAW. *Instruction. Reasonable doubt.*
   On the trial of an indictment it is error for the court to instruct the jury that, "while it is true that the state must make out its case beyond a reasonable doubt, yet it is also true that absolute, metaphysical, and demonstrative certainty is never required; that which amounts to a mere supposition or probability is not what is meant by a reasonable doubt." The words "probability" and "metaphysical" are improperly employed in such instruction.

2. SAME. *Evidence. Where admitted to contradict witness without laying foundation.*
   M. was indicted for murder. Two witnesses for the state testified on the trial that, on the night after the killing, they had severally identified the defendant as the person they saw do the killing, selecting him as the guilty one from several persons produced before them for identification of the slayer. To rebut this evidence the defendant offered to prove that those witnesses did not, on the occasion mentioned, identify the defendant as him who had done the killing. The evidence proposed by the defendant was excluded. *Held,* that it was error to reject the evidence offered; and that the defendant had the right to prove what occurred on the occasion referred to, whether of words or acts, without laying a foundation therefor by examining the state's witnesses as to those matters.

ERROR to the Circuit Court of Attala County.

Hon. WILLIAM COTHRAN, Judge.

Elijah A. Mixon, the plaintiff in error, was convicted of the murder of a woman named Joan Hapson. The assignments of error, and the facts necessary to be known, are sufficiently stated in the opinion of the court.

*Campbell & Anderson,* for the plaintiff in error.

1. The court erred in giving the third instruction for the state.

2. The testimony offered by the accused to prove the words used by Matilda and Electra Kitchens, in attempting to identify him on the night after the homicide, was improperly excluded. The fact that such an identification occurred was drawn out by the state, and, as to that fact, the words used were a part of the *res gestœ*, contemporaneous with, and showing the character of, the identification. If anything can be called a "verbal act," the identification of an object is one.

1 Greenl. on Ev., secs. 108, 109. The state having shown that the accused was identified on the night after the homicide, he had a right to show, by proof, the scope and extent of the identification, or to disprove it altogether. The importance of the evidence excluded is very apparent, and that it was prejudicial to the plaintiff in error is also apparent.

*Nugent & McWillie,* on the same side.

Where an erroneous instruction is given upon a material point in a case, the judgment rendered in accordance therewith will be reversed, unless it manifestly appear that no prejudice was done to the party complaining — especially so in a case of circumstantial evidence. *Josephine* v. *The State,* 39 Miss. 613. None of the instructions given for the state are referred to the actual facts of the case, and are all more or less erroneous and adverse to the defendant below.

*W. L. Nugent,* on the same side, argued the case orally.

*T. C. Catchings,* Attorney-General, for the State.

The court was correct in refusing to permit the defendant's witnesses to state the language used by Matilda and Electra Kitchens, in making their identification of Mixon the night he was brought before them. These women, upon their examination, had testified simply that they had identified Mixon as the man who did the shooting. They were not interrogated at all by the defendant as to what they said when identifying him. The object in asking the defendant's witnesses what language was used was to impeach them, which could not be done without laying the proper foundation. Their statements are not admissible as part of the *res gestæ,* as argued by counsel, for the reason that the identification by them of the prisoner was not the main fact in issue. Their statements with reference to the killing, made about the time it was done, would have been admissible as a part of the *res gestæ;* for the killing was the main fact in issue. The question of the identification of Mixon was merely a collateral matter.

*T. C. Catchings,* Attorney-General, also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The third instruction for the state announces that "while it is true that the state must make out its case beyond a reasonable doubt, yet it is also true that absolute, metaphysical, and demonstrative certainty is never required; that which amounts to mere supposition or probability is not what is meant by reasonable doubt." This definition of "reasonable doubt" is clearly wrong, and was pointedly condemned in *Browning* v. *The State*, 30 Miss. 656. This instruction is unfortunate, also, in the use of the word "metaphysical," as descriptive of certainty. It is probable that "mathematical" is the word intended. It is the more suitable of the two, for it is difficult to imagine what idea of certainty a jury would obtain from being told that "metaphysical certainty" is not required to warrant conviction. The error in defining "reasonable doubt" is not cured by any other instruction; for, while other instructions announce that the accused is entitled to the benefit of a reasonable doubt, the erroneous definition of such doubt remains to mislead the jury.

It was erroneous to refuse to permit the defendant below to introduce evidence of what Matilda and Electra Kitchens said, as to the defendant being the person who killed Joan Hapson, on the occasion when the defendant and others were brought before them for identification. These witnesses, who were introduced by the state, had testified that on the night after the killing they had severally identified the defendant as the person who had done the killing, selecting him as the guilty one from several persons produced before them for identification of the guilty one. To rebut this evidence the defendant offered to prove that, as matter of fact, the witnesses for the state did not, on the occasion mentioned, identify the defendant as him who had done the killing. On objection by the district attorney, this evidence proposed by the defendant was excluded. It should not have been. It does not belong to the class of evidence to impeach the credit of witnesses by proof of statements made by them out of court variant from

their testimony in court, for which a foundation must be laid, by first examining the person proposed to be contradicted as to such statements.    It was part of the case made out by the state that, on the day after the killing, several persons were produced before the witnesses Matilda Kitchens and Electra Kitchens, at the place of the homicide, to see if they would, on sight, recognize the man who did the killing and that when the prisoner was brought before them, they recognized and identified him as the person who did the killing.    It was certainly admissible for the prisoner, if he could, to break the force of this evidence by proof of what actually took place, whether of words or deeds, at the time of the alleged recognition and identification of the prisoner as the slayer of the decedent.

Judgment reversed, verdict set aside, and cause remanded for a new trial.