## ED. NELMS *v*. THE STATE.

1. CRIMINAL LAW. *Application for continuance. Absence of witnesses.*

     N., being indicted for murder, made an application for a continuance of his case on the ground of the absence of witnesses by whom he expected to prove an *alibi*, and that, owing to the excitement against him in a county adjoining that in which the killing occurred, and in which the trial was to take

place, witnesses were deterred from appearing to testify in his favor. He admitted that there were several persons present by whom he could prove the *alibi*. The court refused to grant the application. On the trial, eight or nine witnesses appeared for the defendant and testified that he was ten miles from the scene of the killing when it occurred. *Held*, that there was no error in the refusal to grant a continuance.

2. Same. *Evidence. Admissions on application for continuance.*

In the trial of an indictment for murder, where the accused has made an affidavit for a continuance, which was refused, the State may introduce in evidence, in rebuttal of the testimony adduced by the defendant, his affidavit thus made, if it be contradictory of such testimony. And verbal statements made by him upon such application may be introduced in evidence for the same purpose, if they were made in answer to questions propounded by the court with the view of giving the defendant an opportunity to perfect his affidavit, it being defective as written.

3. Same. *Defence of alibi. Instruction as to nature of.*

In a trial for murder, where the defence relied upon is an *alibi*, it is error for the court to instruct the jury that "the defence of an *alibi* is one that is easily fabricated, and is often attempted by contrivance, subornation, and perjury," and "the evidence to sustain it should be subjected to a rigid scrutiny, and weighed with great caution," unless such instruction be accompanied with the charge that such defence, when fully and satisfactorily made, is a perfectly good and legal defence.

4. Same. *Instruction. Distinction between "evidence" and "proof."*

An instruction, in a trial for murder, to the effect that certain named circumstances, if established, are "evidence of the defendant's guilt," is not incorrect, if rightly understood; but, as the jury might take the word "evidence" to mean "proof," it would have been better for such charge to have stated that the existence of the circumstances referred to "tended to show the prisoner's guilt," instead of that they were "evidence of his guilt." And a case might be presented where this court would set aside a verdict because of such language in an instruction.

5. Same. *Instruction. Probable innocence. Reasonable doubt.*

In a trial for homicide, it is error for the court to refuse to give, at the request of the defendant, an instruction in the following language: "The court instructs the jury that if there is a probability of the innocence of the defendant, then a reasonable doubt of his guilt exists, and the jury must find a verdict of not guilty."

Appeal from the Circuit Court of De Soto County.

Hon. Samuel Powell, Judge.

The case is sufficiently stated in the opinion of the court.

*J. A. Brown* and *M. Green*, for the appellant, by appointment of the court.

1. The court below erred in refusing to grant the continuance.

The gist of the application was that the defendant's witnesses were in terror, and dared not testify. This applied to his kinsmen present as well as absent; and hence, though he stated he could prove the same facts by two of his kinsmen then in the county, we find they were not called. The reason of this is stated in the affidavit: that through fear they would not " testify to the facts in their knowledge." The statement, then, of the defendant, that he could prove the same facts by two other witnesses, must be qualified by the addition, " if they were not in terror of their lives." We do not understand that the defendant stated absolutely that he could prove the same facts by these other witnesses, but that he could prove them if the witnesses were not in terror and fear of their lives if they testified.

2. The court erred in giving the sixth instruction for the jury.

The defence was an *alibi*. An *alibi* is a proper and legal defence. That it is a defence is proof of its propriety and legality. If it is a defence at all it is a good defence, and the law can attach no odium to it. It is an error to say that any good legal defence is odious and suspicious; *à fortiori*, to say that by the use of a legal defence a suspicion is cast upon the truth of the defence. The defence of an *alibi* is as good a defence, when proven, as any other defence, and no court has the right to tell the jury that it is " often fabricated by perjury."

Our point is stated in *The State* v. *Josey*, 64 N. C. 59: " 'An unsuccessful attempt to establish an *alibi* is always a circumstance of great weight against a prisoner,' " etc. (quoted from Wills on Circumstantial Evidence); "but," say the court, " this is stated as a fact which we all know to be true, and not as a rule of law to be charged by the court."

The distinction is drawn between evidence of the *alibi* and the defence of the *alibi*, in *French* v. *The State*, 12 Ind. 673,

674. There the court say the evidence is suspicious, but that the *alibi*, if proven, is as good a defence as any, and that there is no distinction between an *alibi* and any other defence. See also *Miller* v. *The People*, 39 Ill. 465 ; *Chappel* v. *The State*, 9 Coldw. 95.

The true rule is stated in *Williams* v. *The State*, 49 Ala. 664 :· "An *alibi* is a fact, and its existence is established just as any other fact may be ; and the testimony to support it needs the same weight of evidence — no more, no less."

3. The twelfth instruction of the State is error. The jury are told that the circumstances therein stated are "evidence of defendant's guilt." This we deny. They are circumstances which may be considered, with other circumstances, to show guilt, but *per se* they are not "evidence of guilt."

4. The court refused to instruct the jury that if there is a probability of defendant's innocence, then a reasonable doubt exists. This is too plain an error to discuss. The burden of proof was on the State, and if there was a probability of innocence, then the defendant was not guilty. *Adams* v. *The State*, 42 Ind. 373.

5. The court erred in allowing the affidavit of defendant, with the examination of defendant by the court, to be read in rebuttal. The object of this was to show that defendant had made different statements from the theory of the defence, and thus to discredit his witnesses. We deny that this was competent evidence in any aspect. If the affidavit is to be treated as a confession, it is inadmissible, because the party is under oath and is seeking to get a continuance ; *ergo*, the statements are not voluntary. If as admissions against interest, the same rule excludes. It is not a pleading, and hence the party is not bound by it. Further than all this, it is not the statement of the defendant, but only his statement that by parties therein named he expects to prove the facts stated. The court not only allowed his affidavit for continuance to be read against him, but permitted proof of his answers to the court when the court had him to testify under oath for the continuance.

If his affidavit was evidence, certainly his coerced statements are not to be used against him. He cannot be thus compelled to testify against himself. He could not have been put under examination against himself directly, and he cannot be a witness against himself indirectly.

*T. C. Catchings*, Attorney-General, for the State, by leave of the court, submitted the case without filing a brief.

George, J., delivered the opinion of the court.

The plaintiff in error was convicted of the murder of Rufus Armistead, and was sentenced to suffer the death-penalty. He complains of the judgment in the court below in several particulars, which we will now proceed to consider : —

1. There was no error in refusing the continuance. The granting of a continuance is in a great measure in the sound discretion of the court, and we do not think that discretion was abused. The defence relied on in the affidavit for a continuance and set up on the trial was an *alibi*. The accused admitted there were several persons present by whom he could prove the *alibi*, which was the fact he desired to prove by the absent witnesses ; and on the trial eight or nine witnesses testified that the defendant was ten miles distant from the scene of the murder when it occurred. The statement in the affidavit that, owing to the excitement in Tunica County against the defendant, witnesses were deterred from testifying in his favor, was without weight, and properly disregarded by the judge. The homicide was committed and the trial had in another county, and it was not shown that any excitement existed there ; and on the trial many witnesses appeared and gave testimony in the defendant's behalf.

2. It is urged that the court erred in allowing the State to introduce in evidence, and in rebuttal of the defendant's evidence, the affidavit made by the accused for a continuance, and the verbal addition he made to it in response to questions propounded to him by the court. We see no objection to this evidence. If, as is contended (and about this we express no

opinion, as the case must be tried anew), this affidavit and statement were contradictory to the evidence introduced by the accused to establish the *alibi*, it was proper and competent evidence to be considered by the jury. Nor was it an objection to the verbal statement that it was elicited by questions propounded by the court, for the affidavit was on its face insufficient, and the object of the judge in propounding the questions was to give the prisoner an opportunity to perfect the affidavit, and not to elicit confessions from him. We are bound to presume that there was nothing in the manner of the circuit judge, as there was certainly nothing in the language used by him in propounding the questions to the accused, which could in the least cause his answers to be otherwise than voluntary. · We, however, wish to be understood as affirming that if the questions were propounded otherwise than for the legitimate object of aiding the prisoner in his application then before the court, his answers should have been excluded.

3. It is next objected that the sixth charge given to the jury at the instance of the State was improper. As the instruction stands, it is objectionable. Whilst it is true, as a matter of fact, that "the defence of an *alibi* is one that is easily fabricated, and is often attempted by contrivance, subornation, and perjury," as was stated to the jury in the charge, it is also true that it is a perfectly legal and good defence when properly made out, and sometimes is the only means of escape left to an innocent person. The court, whilst properly charging the jury to weigh the evidence in support of the *alibi* with caution and rigid scrutiny, ought not to have suggested to the jury the fact contained in the quotation above made, that it was often the result of contrivance and perjury, without at the same time informing them that when fully and satisfactorily made out it was a perfectly good and legal defence. The effect of the charge as it stood was to prejudice the jury against that kind of a defence, and it therefore tended to

induce them to give less credit to the evidence setting it up than to other evidence of equal credibility.

4. The twelfth charge given for the State, if rightly understood, is strictly correct, and liable to no criticism which would induce us to set aside the verdict. But, as we must grant a new trial on another ground, we deem it proper to remark that instructions should be drawn up in language which in its ordinary signification expresses to the mind the idea intended to be conveyed by the court. Jurors are not all educated, in this State, and there is some danger that a jury might fail to draw the distinction between " evidence " and " proof." It would have been better, therefore, if in this charge the court had told the jury that the circumstances named in it were evidence which " tended to show the prisoner's guilt," instead of, simply, that they were " evidence of his guilt." A case might arise in which it would appear that the jury might have been influenced in their verdict by such a charge, and if so, it might be our duty to set aside the verdict for that cause alone.

5. The eighth charge asked for by the prisoner, and refused by the court, is in these words : " The court instructs the jury that if there is a *probability* of the innocence of the defendant, Ed. Nelms, then a reasonable doubt of the guilt of the defendant exists, and the jury must find a verdict of not guilty." This charge ought to have been given. See *Browning* v. *The State*, 30 Miss. 656 ; *Mixon* v. *The State*, 55 Miss. 525. There is nothing in the other charges which were given, to remove this error.

Judgment reversed and a new trial granted.