## SMITH *v*. STATE.

[90 South. 883, No. 22408.]

CRIMINAL LAW. *Refusing instruction to acquit held not error in view of instructions on reasonable doubt; defendant, receiving more favorable instruction than the one refused, may not complain.*

In a criminal case where the instructions inform the jury that they cannot convict unless the evidence shows guilt beyond a reasonable doubt, and that the burden of proving this is on the state, and that the defendant is not required to prove his innocence, and that the law presumes him innocent, and that such presumption attends him through every stage of the trial until his guilt is established by the evidence beyond every reasonable doubt, it is not reversible error to refuse an instruction that if there is a probability of innocence a reasonable doubt' exists, and the jury should acquit. Where the defendant has obtained more favorable instruction than the one refused, and the refused one is an abstract one, the court will not reverse.

APPEAL from circuit court of Franklin county.

HON. R. L. CORBAN, Judge.

Luther Smith was convicted of assault and battery with intent to kill and murder, and he appeals. Affirmed.

*Theo. McKnight,* for appellant.

A reasonable doubt may arise from a want of evidence as well as from evidence. The court instructed the jury that the guilt of the appellant must be shown beyond a reasonable doubt arising from evidence or want of evidence, as shown by the two instructions given for the defendant, but refused to instruct the jury that if there was a probability of the innocence of the defendant they should acquit. Refused to define a reasonable doubt as a probability of innocence.

The case of *Nelms* v. *The State,* 57 Miss. 362, was a charge of felony and the defense an alibi, as is the present case, and was reversed solely and alone for the refusal of an instruction of which the instruction refused here is a practical copy. Judge GEORGE saying for the court: "The eighth charge asked for the prisoner, and refused by the court, is in these words: 'The court instructs the jury that if there is a probability of the innocence of the defendant, Ed. Nelms, then a reasonable doubt of the guilt of the defendant, exists, and the jury must find a verdict of not guilty.' This charge ought to have been given."

This case has never been modified nor overruled, and was followed by the learned judge below, and an instruction exactly like this given by him in the case of *Hiram Smith* v. *The State,* now before this court on appeal from the circuit court of Franklin county and has been the undisputed law since 1880 when this identical instruction was approved by this court in the Nelms case above cited.

If the instruction in question was good law in the Nelms case in 1880, it is good law in the instant case, to-day. If the refusal, by the lower court, of this instruction in the Nelms case, required the reversal of that case, then its refusal, by the lower court, in this case, requires the reversal of the instant case. Indeed, there cannot be an affirmance of this case without overruling the Nelms case.

It is respectfully submitted that the judgment of the court below ought to be reversed.

*D. C. Enochs,* Assistant Attorney-General for appellee.

Appellant bitterly complains that the trial court erred in not granting him the following instruction: "That if there is a probability of the innocence of the defendant, then a reasonable doubt of his guilt exists and the law acquits the defendant and it is the duty of the jury to so declare by a verdict of not guilty."

I shall not comment upon the incorrectness of this instruction further than to say that it is the probability of the innocence of the defendant, arising from the evidence, that raise a reasonable doubt as to his guilt. If the jury were permitted to roam at large outside this evidence in the case, there might be a probability of the innocence of a defendant but it must arise from the evidence, is made clear in *Browning* v. *State,* 30 Miss. 656, at page 672, which is one of the cases cited by opposing counsel. And in the case of *Jackson* v. *State,* 66 Miss. 89, also cited by opposing counsel, the instruction there set out clearly charges the jury that it must believe the probability from the evidence.

I think it is going far enough to grant the probability instruction when it is limited to the evidence in the case.

I think then such an instruction is calculated to mislead the jury in favor of the defendant. Certainly such an instruction is erroneous when not limited to the evidence in the case. And therefore the probability instruction, the refusal to grant which is here complained of as error, was an erroneous instruction, and should have been refused, because it did not charge that the probability of the innocence of the defendant must arise from the evidence in the case.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted for assault and battery with intent to kill and murder one Stewart Farmer. Three other parties were jointly indicted with the appellant, but a severance was granted and the appellant tried alone. The difficulty in which Farmer was severely cut with a knife occurred at a Holy Rollers meeting at night. As Farmer came away from the church some jeering remark was made about his beauty, and words ensued, when Farmer invited the other parties to go down the road to settle it; that the church was not any place to have a difficulty. The difficulty originated with John Nettles and his son, and a number of parties started down the road when John Nettles stopped and said that he was not going to follow Farmer any further, and some words passed, when John Nettles told his son to get on Farmer; Farmer replied to Nettles, "You get on me, Big Boy." John Nettles replied that he did not care to do so, and then his son called Farmer an approbrious epithet, when Farmer knocked him down. Farmer raised his hand to strike again, when two men approached him from the rear, one striking him with his fist and the other cutting him with his knife, whereupon Farmer cried out, "He has cut me; he slipped up behind and cut me; he is a coward"— and took hold of the arm of a man named Lewis, as he said, for support. Farmer did not see the man who cut him, and both men retired back in the bushes in the dark. Sev-

eral persons were present and were examined, but could
not identify the man who did the cutting. They testified,
however, that one of the men was a large man and the
other a small man. Lewis identified the appellant as be-
ing the man who did the cutting. The evidence also show-
ed that Smith and another man larger than himself went
just ahead of Farmer away from the church to the scene
of the difficulty and crossed the road into the bushes into
the dark. The day following the cutting Dr. Butler, who
had been called to dress Farmer's wound, met the appel-
lant and Lofton, took them in his automobile and had some
conversation with them, in which he stated to them, "You,
boys, nearly raised hell last night." Both the appellant
and Lofton denied doing the cutting at first, but the doctor
told them that about thirty people said they were in it,
whereupon the appellant said it was no use to deny being
there; that he was there. A motion was made to exclude
the evidence at the conclusion of the state's evidence dis-
closing the facts above stated, but the motion was over-
ruled, whereupon the defendant put on several witnesses
to prove an alibi, and the witnesses so introduced testified
that the appellant left the church in a wagon with them
prior to the origin of the difficulty. The jury returned a
verdict of guilty, and asked the mercy of the court, where-
upon the court sentenced the appellant to a term of two
years in the state penitentiary, from which judgment this
appeal is prosecuted.

The main assignments of error are that the evidence is
insufficient to sustain a conviction, and that the court erred
in refusing an instruction that, "if there is a probability of
the innocence of the defendant, then a reasonable doubt of
his guilt exists, and the law acquits the defendant, and it
is the duty of the jury to so declare by a verdict of not
guilty."

The state only obtained one instruction which reads as
follows:

"The court instructs the jury for the state that if they
believe beyond a reasonable doubt from the evidence in

this case that Luther Smith did then and there willfully and unlawfully, feloniously and of his malice aforethought, cut and wound Stewart Farmer, with the intent to kill and murder said Farmer, then he is guilty as charged in the indictment, and the jury should so find."

There were two instructions given for the appellant which read as follows:

"The court instructs the jury for the defendant that the burden of proving the defendant guilty is upon the state, and the defendant is not required to prove his innocence. Therefore in this case, if they believe that the state has failed to show by competent evidence beyond a reasonable doubt the guilt of defendant, the jury must acquit."

"The court instructs the jury for the defendant that the law presumes the defendant not guilty of the crime charged against him, and that this presumption attends and surrounds him through every stage of his trial, and until it is proven down by proof of guilt beyond every reasonable doubt, and unless this is done in this case the jury should find the defendant not guilty."

It will be seen from the instructions given for the appellant that the jury could not convict the defendant unless his guilt was proven beyond every reasonable doubt, and that the law did not devolve upon the defendant the proof of his innocence, but that the burden was upon the state to prove his guilt beyond a reasonable doubt. This states the law more favorably to the defendant than the refused instruction on the probability of his innocence.

"Probability" is defined by Mr. Black in his Law Dictionary as:

"Likelihood; appearance of truth; verisimilitude. The likelihood of a proposition or hypothesis being true, from its conformity to reason or experience, or from superior evidence or arguments adduced in its favor."

One of the definitions in Words and Phrases, First Series, 5617, is as follows:

"All the dictionaries give different definitions of 'probability.' One of Worcester is: 'Likelihood in the occurrence of events, in the doctrine of chances, or the quotient obtained by dividing the number of favorable chances by the whole number of chances.' The one of Webster is: 'A likelihood; appearance of truth; that state of the case or question of fact which results from superior evidence or preponderance of arguments on one side, inclining the mind to receive it as the truth, but leaving some room for doubt.' It therefore falls short of moral certainty, but produces what is called opinion. Demonstration produces certain knowledge, proof produces belief, and probability opinion."

While the probability of innocence creates a reasonable doubt, or could not exist without there being a reasonable doubt of guilt, and is usually given because where there is a probability of innocence there is bound to be a reasonable doubt of guilt, still the court instructed for the defendant that they could not convict the appellant if there were a reasonable doubt. This court has held that reasonable doubt is an expression so simple and so well understood that it could not be improved upon, and that the court should not undertake to define what is a reasonable doubt. It is true the court, in *Nelms* v. *State,* 58 Miss. 362, reversed a conviction for the failure to give the instruction refused in this case. The opinion does not set out what instructions were actually given in that case, and we assume that there were not appropriate instructions in that case other than the one requested and refused. Where a proposition has been given the defendant in a criminal trial more favorable than the one requested, and where the one requested is merely an abstract proposition of law, it is not reversible error to refuse such instruction. In the case before us the jury was clearly informed as to the requirements necessary to make out guilt, and the defendant had the benefit of all the instructions upon the proposition under consideration that he needed to enable

the jury to understand the necessity of the proof showing his guilt beyond a reasonable doubt.

We think the evidence in the case is sufficient to sustain a conviction, and that there is no error in admitting evidence for the state and excluding evidence offered by the defendant. The judgment will therefore be affirmd.

*Affirmed.*