McNair *v.* State.

Dec. 1, 1952

No. 38552          10 Adv. S. 16          61 So. 2d 338

*J. P. Edwards,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

HALL, J.

Appellant was convicted on a charge of assault and battery with intent to kill and murder one Vardaman Smith by cutting and wounding the said Smith with a certain deadly weapon, towit, a pocket knife. The first assignment of error is that the verdict of the jury is contrary to the overwhelming weight of the evidence for which reason the trial court erred in overruling the motion for a new trial. This assignment necessitates a review of the evidence.

Smith owned and operated a place of business about five miles south of Magee on Highway No. 49 where he was engaged in the selling of intoxicating liquor in violation of law. This place was operated for white customers only. About 500 feet away and on the same premises he owned another place of business for colored customers only. This was operated for him by one Willie Parrett, a white man. Liquor was sold at this place and in addition there was operated a lunch counter and a gambling room. On the evening of the alleged crime a white man entered the colored place of business and was creating a disturbance among the colored patrons. Parrett reported this to Smith who armed himself with a pistol and went and asked this white man to leave, which he did. Thereupon Smith got upon the counter and made a talk to the colored patrons, telling them that he was operating the place for their pleasure and convenience, that he desired law and order, that they were welcome to come at any time, but that they should leave their knives and weapons at home and not create any disturbance. Alfred McNair, a son of appellant, started out the front door stating that he was leaving and would never come back. The facts up to this point are not in dispute.

Smith and Parrett both testified that at this point Alfred McNair turned around, cursed Smith, and started on Smith with his knife; that Smith thereupon drew

his pistol from his shirt bosom and Alfred stopped and turned his back and started out the door again; that Smith thereupon started to place the pistol back in his shirt bosom when appellant grabbed him from behind and cut his throat from ear to ear. This wound was so severe that Smith was rushed to the hospital in Magee where blood transfusions were given him and 73 stitches were taken in closing the wound. The only substantial dispute in the facts is that appellant denied that he is the one who cut Smith, while Smith and Parrett were positive in their statement that appellant is the one who did the cutting. (Hn 1) Conflicting statements, such as here presented, are peculiarly for determination by a jury, Stokes v. State, 172 Miss. 199, 159 So. 294, Price v. State, 207 Miss. 111, 41 So. 2d 37. The verdict was not contrary to the great weight of the evidence and was abundantly supported by the evidence. Hence we find that there was no error in overruling the motion for a new trial.

(Hn 2) The second and last assignment argued is that the trial court erred in refusing the following instruction: "The court instructs the jury for the defendant that if there is reasonable probability of the defendant's innocence then there is a reasonable doubt of his guilt and that in that event it is your sworn duty to find him not guilty." This instruction should have been given. Wingo's Mississippi Criminal Law and Procedure, Section 1660; Jones v. State, 141 Miss. 894, 107 So. 8; Nelms v. State, 58 Miss. 362. In both the Jones and Nelms cases this Court criticized the action of the trial court in refusing such an instruction. The convictions in both of those cases were reversed but there were other grounds for reversal. In the case at bar the court granted appellant an instruction which told the jury that if Smith was cut by some other person then it is the sworn duty of the jury to find him not guilty and that "it is not necessary that you believe this beyond a reasonable doubt but that if you believe it to be reasonably probable, then it is your sworn duty to find the defendant not guilty." We are

of the opinion that by this instruction the jury was sufficiently charged that if there was a reasonable probability that appellant did not cut Smith, then the jury should find him not guilty, and that for this reason the refusal of the instruction first quoted, while error, was not such prejudicial error as to require a reversal. The judgment of the lower court is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Roberds, Arrington* and *Ethridge, JJ.,* concur.