MILNER, et al. *v.* STATE.

Jan. 4, 1954

No. 38810          47 Adv. S. 46          68 So. 2d 865

*W. W. Pierce,* Jackson, for appellants.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellants, J. D. Milner and R. D. Pruitt, were convicted in the Circuit Court of Rankin County of the unlawful sale of intoxicating liquor. Milner was sentenced to pay a fine of $500 and serve 90 days in jail and Pruitt was sentenced to pay a fine of $200 and serve 60 days in jail. From the judgment of conviction they appeal.

The proof for the State shows substantially the following: The appellant Milner lives about two and a half miles east of Pelahatchie in Rankin County, where he operates a farm and grocery store. The appellant Pruitt is employed by him, working on the farm, and at times in the store. L. G. Holyfield, the Sheriff of Rankin County, had received some complaints relative to the operation by Milner of his place of business and he arranged with W. Q. Cole, a justice of the peace of District

Five of Rankin County, and Marvin Ashworth, a resident of Brandon in Rankin County, to go to Milner's place of business and undertake to buy some whiskey. The sheriff provided Cole and Ashworth with a car to travel in and gave them $10 with which to buy the whiskey. They left the sheriff's office on the morning of August 23, 1952, at about nine o'clock. When they arrived at Milner's place of business, they went in the store where they found three or four girls and ladies and a colored man, who was later identified in the evidence as the appellant Pruitt. Cole and Ashworth stood around in the store for a while and Pruitt started out the door and Ashworth followed him and told him that he would like to have a pint of Old Charter. Pruitt stated that he did not have Old Charter but that he had Old Forrester, and Ashworth told him that he would take that. About that time, Milner drove up and Pruitt remarked, "here comes my boss." Milner went in the store and around the counter and Ashworth approached him and told him he would like to have a pint of Old Forrester and gave him $5.00. Milner took the money and put it in his purse, remarking that it would be a few minutes, and he and Pruitt then departed in Milner's Chevrolet pick-up truck, and returned in about ten minutes and Pruitt delivered a pint of Old Forrester to Ashworth, who with Cole had been waiting in their car for the return of Milner and Pruitt. Cole and Ashworth then drove back to the sheriff's office in Brandon and returned to the sheriff the pint of Old Forrester and $5.00 which was the balance of the $10.00 given them by the sheriff with which to buy the whiskey.

The appellants testified in their own behalf and denied that they had sold any whiskey to either Cole or Ashworth, and denied that they had seen either Cole or Ashworth at Milner's store on the day in question. Milner's wife testified that she was present at the store on that day and that she did not see either Cole or Ashworth and in fact had never seen them before the day of the trial.

Two of the girls who were clerking in the store also testified for the appellants that they did not see either Cole or Ashworth at the store on that day and had never seen them before the day of the trial.

It is conceded by the appellants that the testimony on the issue of their guilt or innocence was conflicting and created an issue of fact for the determination of the jury, and that there is ample evidence to support the verdict of the jury. The appellants contend, however, that the judgment of conviction should be reversed because of the error of the trial court in refusing to the appellants a requested instruction and in its rulings upon the admissibility of certain evidence.

The instruction which was requested by the appellants and which was refused by the trial court is as follows: "The court instructs the jury for the defendant that if you believe from the evidence in the case there is a probability of the innocence of the defendant, then there is a reasonable doubt as to his guilt, and the jury must return a verdict of not guilty."

In contending that it was error to refuse this instruction, the appellants rely upon the case of Nelms v. State, 58 Miss. 362. It is true that in the Nelms case the Court held that the refusal of such an instruction was error. The Court, however, based its ruling upon the fact that there was nothing in the other instructions for the defendant to cure the error. In the case of McNair v. State, 215 Miss. 510, 61 So. 2d 338, the Court held that such an instruction was proper and should have been given, and called attention to the fact that the action of the court in refusing such an instruction was criticized in Jones v. State, 141 Miss. 894, 107 So. 8, and Nelms v. State, 58 Miss. 362. In the McNair case, however, the Court held that the refusal of the instruction in that case was not reversible error in view of the fact that another instruction which was granted to the defendant sufficiently charged the jury as to the defendant's right to an acquit-

tal if the jury believed from the evidence there was a reasonable probability of the defendant's innocence.

In the case of Smith v. State, 128 Miss. 258, 90 So. 883, the Court held that the refusal of such an instruction was not error where other instructions for the defendant informed the jury that they could not convict unless the evidence showed guilt beyond a reasonable doubt, and that the burden of proving such guilt was on the State, and that the defendant was presumed to be innocent and that such presumption attended him throughout the trial until his guilt was established by evidence beyond every reasonable doubt. The Court said in that case that such instructions for the defendant were more favorable to him than the one which was refused and that, therefore, there was no reversible error in the court's refusal of such instruction.

■■■ The case at bar comes clearly within the pronouncements in the Smith case. In the case at bar, the appellants obtained instructions charging the jury as follows: That the defendants at the outset of the trial were presumed to be innocent and that they were not required to put on any evidence, and that the testimony should be viewed in the light of the presumption of the defendants' innocence, and that such presumption abided with them throughout the trial until the evidence convinced the jury to the contrary beyond all reasonable doubt; that in order to warrant a conviction, the evidence on the part of the State on the whole must be such as to produce a moral certainty of guilt to the exclusion of every reasonable doubt of the guilt of the defendants, and unless the evidence has such effect the jury must acquit; that each and every juror must be convinced beyond all reasonable doubt and to a moral certainty from the evidence, or want of evidence, that the defendants are guilty and that no juror should surrender such conviction from or because of anything or any reason whatsoever or for any purpose whatsoever, as long as it remains his conviction from the

evidence, or want of evidence, in the case and after consultation with his fellows; that the State must make out its case by the evidence to a moral certainty and until such is done, the accused is not required to do anything, and then need only from the whole body of the evidence adduced for him and against him raise a reasonable doubt of his guilt to entitle him to an acquittal; that the burden of proof is upon the State to establish the guilt of the defendants from the evidence beyond a reasonable doubt; that every reasonable doubt with reference to any matter connected with this case which is submitted to the jury for decision should be resolved by the jury in favor of the defendants and against the State; that no persons should be convicted upon his reputation, character, or former convictions, but must be convicted by the evidence in the case, and the evidence must exclude any and every reasonable doubt and to a moral certainty. We are of the opinion that these instructions fully informed the jury as to the applicable principles of law and accorded to the appellants every advantage which the appellants could have obtained had the refused instruction been granted. We think, therefore, that in view of the instructions which the appellants obtained, the action of the trial court in refusing the requested instruction was not reversible error. This same ruling was adhered to in the very recent case of Wheeler v. State, 63 So. 2d 517.

It is further contended by the appellants that the court erred in sustaining the objection of the State to the testimony of Bryan Duncan, Chancery Clerk of Rankin County, who was offered as a witness for the appellants. The appellants undertook to show by this witness the amounts which had been paid to the sheriff during the year as his share of the fines imposed in cases of liquor violations. ▆▆▆ Of course, it is elementary that the fact of a witness's interest in an action, whether civil or criminal, may be shown for the purpose of affecting his credibility. ▆▆▆ This proposed testimony, however, was with

reference to the sheriff's participation in fines collected in other prosecutions, and not with reference to the sheriff's participation in any fine which might be imposed upon the appellants in the event of their conviction. The sheriff's participation in fines imposed in other prosecutions could not possibly establish any interest on the part of the sheriff in the case on trial. It was competent for the appellants to show that the sheriff would participate in any fine which might be imposed upon the appellants in the event of their conviction, and this the appellants were permitted to show. On cross-examination of the sheriff, it was disclosed by the sheriff that he had shared in fines imposed in other prosecutions and that he would in fact share in any fines that might be imposed upon the appellants in the event of their conviction. Not only, therefore, was the testimony which the appellants offered through the witness Bryan Duncan incompetent, but the appellants established the same facts by the testimony of the sheriff on cross-examination, that is to say, the fact that the sheriff had participated in fines imposed in other prosecutions, and in no event could the appellants have been prejudiced by the refusal of the court to admit the testimony of Bryan Duncan, since it would have been merely cumulative of a fact which the sheriff had already admitted. We find no error, therefore, in this contention of the appellants.

■■■ The appellants further complain that the trial court erred in overruling their objections to the testimony of L. G. Holyfield that he had had complaints about the place operated by the appellant Milner. This testimony of the witness Holyfield merely explained why the sheriff sent Cole and Ashworth out to Milner's place to buy whiskey. We are clearly of the opinion that the relation of such fact resulted in no prejudice to the appellants and constitutes no grounds for the reversal of the judgment of conviction.

In view of what has been stated, it follows that the judgment of the court below should be, and it is, affirmed. Affirmed.

*Roberds, P. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.