KIRK *v.* STATE.

No. 39336 · November 15, 1954 75 So. 2d 641

*Helen McDade,* DeKalb; *Temple & Compton,* Meridian, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Appellant was convicted in the justice of the peace court, and also, on appeal, in the circuit court, of the unlawful possession of intoxicating liquor.

During the course of the trial, and while the sheriff was testifying, the district attorney discovered that the convicting justice of the peace had failed to sign the transcript of the record of the proceedings in his court. On motion of the district attorney, and over objection of appellant, permission was granted by the trial judge for the justice of the peace to then and there sign his transcript. This was done. Appellant urges that as reversible error.

The case was tried in the justice of the peace court June 6, 1953. On the same day the justice of the peace prepared and filed with the clerk of the circuit court the transcript of record, including two affidavits for search warrants and two search warrants for searching the premises of appellant, the affidavit charging appellant with the crime; her appearance bond; copy of the records of the proceedings; the judgment of conviction and sentence; and also the form of certificate, unsigned, provided by Section 1199, Miss. Code 1942.

■■■ Appellant cites, in support of her contention, Lee v. State, 190 Miss. 877, 1 So. 2d 492, and Travillion v. State, 206 Miss. 236, 39 So. 2d 773. The question in the Lee case was whether the filing in the circuit court of the justice of peace transcript was sufficient or whether such record had to be introduced as evidence during the trial. The Court held that it was not necessary to introduce such record in evidence. The Travillion case supports the contention of appellant, but it was expressly overruled by Whittington v. State, (Miss.), 67 So. 2d 515. On the other hand, the action of the trial judge in permitting the justice of the peace to sign his certificate was justified by, and was not error under, Sections 1200 and 1987 of said Code; Green v. Bacon, 57 Miss. 617, and Serio v. City of Brookhaven, 208 Miss. 620, 45 So. 2d 257, and Whittington v. State, supra. No contention is made as to the accuracy and correctness of the contents of the transcript.

■■■ The State was granted this instruction: ''The Court charges the jury for the State that you do not have to know that the defendant is guilty before you can convict her. It is only necessary that you should believe from the evidence, beyond a reasonable doubt, that she is guilty, and if you do so believe from all the evidence, beyond a reasonable doubt, that the defendant is guilty, then it is your sworn duty to so find.'' Appellant says the instruction was erroneous in that it did not contain the clause ''to the exclusion of every other

reasonable hypothesis consistent with her innocence.'' Inclusion of the quoted phrase is proper where the guilt of accused is based entirely upon circumstantial evidence. Pettus v. State, 200 Miss. 397, 27 So. 2d 536. Such is not the case here. The sheriff and his deputy testified that appellant admitted she was in possession of the whiskey. Again, the State obtained an instruction including the quoted provision, thereby assuming that burden. Defendant got the benefit of it. That would have cured the error, had there been error, in refusal of defendant's requested instruction. Bone v. State, 207 Miss. 868, 43 So. 2d 571.

██ Defendant requested, but was denied, the following instruction: ''That if the jury can deduce from the facts and circumstances surrounding the case, either from the evidence or lack of evidence, any reasonable hypothesis consistent with the innocence of the defendant, then there is a reasonable doubt of her guilt, and the jury should return a verdict of not guilty.'' He urges that as error. The learned trial judge would have been justified in granting that instruction but his refusal to do so was not error under the circumstances of this case for the reason that defendant obtained several instructions clearly setting out the reasonable doubt theory and charging the jurors that they could not convict her unless they believed the evidence proved her guilty beyond every reasonable doubt. Smith v. State, 128 Miss. 258, 90 So. 883; Milner v. State, 219 Miss. 465, 68 So. 2d 865, and Brown v. State, 219 Miss. 748, 70 So. 2d 23.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.