MICKER *v.* STATE.

(Division A. Jan. 29, 1934.)

[152 So. 286. No. 30847.]

P. C. Canizaro and G. L. Larr, Jr., both of Vicksburg, for appellant.

694

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Cook, J.,** delivered the opinion of the court.

The appellant was convicted in the circuit court of Warren county on a charge of murder, and was sentenced to the state penitentiary for life; and from this conviction and sentence he prosecuted this appeal.

The testimony offered by the state and by the appellant was sharply conflicting. One of the witnesses introduced by the state testified that he came upon the appellant and the deceased, Jeanette Nelson, in the public road where the killing occurred; that as he approached them, and when he was about twenty yards from them, he heard the appellant curse the deceased; that when he was within about twenty feet he saw the appellant strike the woman and knock her down; that when he struck the deceased she was making no demonstration, hostile or otherwise, towards him, and had no weapon in her hand.

He further testified that, after she was struck and knocked down, the said Jeanette Nelson got up, called the appellant by his name, and, prefacing the remark with a vile oath, said to him, ''I know I am going to kill you now;'' that the appellant ran across the road, saying, ''Don't let this woman kill me;'' that the woman then went in the opposite direction, and, after walking about thirty-five yards, fell to the ground where she died. He further testified that he (the witness) and the appellant went to where the deceased had fallen; that the appellant then had an open pocketknife in his hand, which was bloody; that the appellant took an envelope out of the dead woman's hand, stated that he had killed her, asked how to get out of that county, and immediately left the scene. About a week later he was arrested in Coahoma county, about one hundred fifty miles from the scene of killing. The proof shows that the deceased was stabbed in the chest with some sharp instrument; one of the bones therein being severed.

The appellant admitted that he stabbed the deceased with his pocketknife. He testified that she attacked him with an ice pick, and that he cut her at a time when it appeared to him that it was necessary to do so to avoid losing his own life, or suffering some great bodily harm at her hands. An ice pick was found by the side of the road near the scene of the killing, and there was other testimony to support the appellant's version of the facts.

The appellant first contends that the court below erred in overruling a motion for a new trial which was based upon the ground of newly discovered evidence. This purported newly discovered evidence was contained in a transcript of the stenographic notes of the testimony of Lige Lacey, one of the state's witnesses, given at the preliminary hearing of the cause in the county court, the said transcript being attached to the motion as an exhibit thereto. This transcript showed that the testimony of this witness in the county court was in material re-

spects different from that given by him at the trial of the cause in the circuit court, and it was desired, upon a new trial, to use portions of the transcript to impeach the credibility of the witness. The motion for the new trial was supported by the affidavits of the appellant and his counsel that they had no knowledge of the nature of the testimony set forth in the said transcript before, or at the time of, the trial, and that due diligence was used by each of them in procuring this evidence.

It has been repeatedly held by this court that ordinarily a new trial will not be granted on account of newly discovered evidence which merely impeaches an adverse witness. But, aside from that fact, we think the court below committed no error in refusing to grant a new trial on the ground of newly discovered evidence, for two reasons:

(1) The testimony of this witness as set forth in the aforesaid transcript was in no proper sense newly discovered evidence. It was given in an open hearing in the county court at which the appellant was necessarily present. The preliminary hearing to determine whether the appellant should be held to await the action of a grand jury could not legally have been held without his presence at such hearing, and we must presume that he was present and had full opportunity to hear the testimony of this witness, and therefore he cannot now be heard to say that he had no knowledge of this testimony before his trial in the circuit court.

(2) For the purpose of contradicting, and impeaching the credibility of, another witness, the appellant offered as a witness the official reporter of the county court, who took and transcribed the stenographic notes of the testimony of the several witnesses at the preliminary hearing, and she testified that she then had before her the transcript of the testimony of the said Lige Lacey. This stenographer, with the transcript of her stenographic notes, was later called by the state, in rebuttal, for the

purpose of contradicting, and impeaching therewith, one of the appellant's witnesses. The witness Lacey was cross-examined at some length as to whether or not his testimony on the trial of the cause was the same as that given by him at the preliminary hearing. The transcript of his testimony comprised only a few pages, and could have been read in its entirety in a very few minutes. If neither the appellant nor his counsel availed themselves of the opportunity to inform themselves as to his testimony at the committing trial, we do not think it can be said that they exercised due diligence in that respect.

The appellant next contends that the evidence is insufficient to sustain a conviction of murder. There is no merit in this contention. The testimony of the state's witness, Lige Lacey, connected with evidence of previous threats on the part of the appellant to kill the deceased, and other circumstances in evidence, are sufficient to support the verdict; and it was proper to permit the jury to pass upon the controverted evidence in the record.

The appellant next complains that the court erred in refusing the following instruction: ''The court instructs the jury for the defendant that where the defendant or defendant's witnesses are the only eyewitnesses to the homicide, his or their version, if reasonable must be accepted as true, unless substantially contradicted in material particulars by credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.''

Assuming that as an abstract proposition of law this instruction is correct, upon the facts in this record it was properly refused. The state offered an eyewitness whose testimony contradicted in many material respects the testimony of the appellant and his witnesses.

The appellant next complains of an instruction reading as follows: ''The court instructs the jury that where two reasonable hypotheses arise from and are supported by the evidence in this case, one consistent with the defend-

ant's innocence, and the other inconsistent with the defendant's innocence, it is your duty to adopt the one consistent with innocence, although the other be the more probable."

As drawn, this instruction is an inaccurate statement of law in any case; but, if correctly drawn, it would not be applicable here, where the conviction is based principally upon the evidence of an eyewitness. Williams v. State, 163 Miss. 475, 142 So. 471. We find no reversible error in the record, and therefore the judgment of the court below will be affirmed.

Affirmed.