JONES *v.* STATE.

(Division B.    Dec. 5, 1938.)

[184 So. 810.    No. 33234.]

**Williamson, Riddell & Riddell,** of Meridian, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was convicted in the Circuit Court of Neshoba county on a charge of grand larceny, and sen-

tenced to two years' imprisonment in the state penitentiary; from which conviction this appeal is taken.

It appears that the goods here involved were stolen from a store belonging to Mars Brothers, a partnership composed of three persons who are named in the indictment. On the night of the theft one of the employes of the firm secreted himself in the building when it was closed for the day, being locked inside. At the same time another party, acting under agreement with his accomplice, had also concealed himself in the store; each of these parties had separately conspired with his accomplices to steal goods from the store. The two came in contact with each other in the early part of the night, and agreed to proceed jointly with the theft of the goods. One had a screw-driver, which he used to open the door. They then took out of the store something over $200 worth of cigarets, and also more than $200 worth of clothing, secreting these items under a church nearby, while they returned to the store for more goods. While so engaged they came in contact with the appellant, who was with one of the conspirators. He asked appellant what he was doing there, to which one of the company replied that he was all right—that "he would not squeal."

One of the parties engaged in the theft, who testified as a state witness, said the appellant assisted them in moving the goods, and took two cartons of cigarets when they parted. After the door was opened, and the goods stolen, the Mars Brothers discovered the theft, secured bloodhounds, and tracked some of the parties, who afterwards plead guilty, and were introduced as state's witnesses against the appellant. The goods were found in the section in which those parties lived. It appears that the appellant lived on the other side of town, and was not arrested that night; but after the arrest of the other parties they implicated him in the transaction, and he was arrested and taken to the jail, where he made a statement to the officers, confessing his connection with

the theft, as above stated. However, the appellant afterwards denied having confessed, and all connection with the theft; and introduced proof of previous good character. But on the case being submitted to the jury he was convicted.

It is first assigned for error that the court erred in refusing to give appellant a charge in the following language; "The court charges the jury for the defendant that if there are two reasonable theories in this case arising out of the evidence; and if each of those theories is supported by credible evidence, one theory pointing to the innocence and the other theory pointing to the guilt of the accused, and you are unable to say beyond every reasonable doubt which theory is true, then you must, under your oaths in such instance, promptly say by your evidence not guilty."

The defendant received liberal instructions, and the evidence was in part by eyewitnesses, and in part by confessions. The state did not depend on circumstantial evidence to sustain the conviction. The instruction requested above is not applicable to cases depending on direct testimony of witnesses, being only applicable where conviction is sought on circumstantial evidence; in which case, if two reasonable hypotheses or theories or deductions are entertainable from the mere existence of the circumstances, then the accused person has a right to have the instruction given to the jury. And it would then be the duty of the jury, in their discretion, to apply that theory which is favorable to the defendant.

Formerly there was considerable confusion by reason of pronouncements in various cases; but in Williams v. State, 163 Miss. 475, 142 So. 471, and Micker v. State, 168 Miss. 692, 152 So. 286, we held that the two-theory instruction was not applicable to cases resting on direct testimony, and not on mere circumstances. There was no error, therefore, in refusing the instruction here in question.

It was next complained that the court erred in refus-

ing an instruction to the jury, reading as follows: "The court instructs the jury for the defendant that verbal statements or admissions or conversations not under oath should be received by you with great caution, as they are subject to much imperfection and mistake, owing to the person speaking not having expressed his own mind, or not having expressed himself fully, or as he had intended, or the witness not having clearly understood what was said; that frequently a witness, by the unintentional elimination of a few words from, or by adding a few words to, the expression actually used by the defendant, gives an effect to the statement entirely different to what the defendant actually intended to say."

There was no error in refusing this instruction, because it is affirmative, and also comments on the weight of the evidence. We find no error in the refusal of these instructions, or in the conduct of the case; the evidence was sufficient to sustain the conviction. The judgment is therefore affirmed.

Affirmed.