RODGERS, Justice.
Mary Elizabeth Flowers was indicted, tried, convicted and sentenced for the crime of manslaughter in the Circuit Court of Newton County, Mississippi. The indictment was framed under the terms of Section 2226, Mississippi Code 1942 Annotated (1956), for the killing of a human being, without malice, in the heat of passion, by the use of a dangerous weapon, without authority of law and not in necessary self-defense.
The circumstances leading to the indictment of the defendant may be summarized as follows. On the night of September 3, 1969, the appellant went to the home of Mrs. Judy Bishop and advised her that she had shot her boyfriend and requested Mrs. Bishop to assist her in getting help “to save him.” Mrs. Bishop took the defendant to the home of the deputy sheriff, Charles Reeves, where the defendant told the officer that she had shot Isaiah Patrick *565 and, without being questioned, she told the following story. “She said, ‘He told me that he had another girl friend that had a car and she would let me use it, and that’s where I’ve been.’ Said, ‘I didn’t have anything, I was just an old and worn out gal,’ * * *. ‘That’s all. I just couldn’t take it, Mr. Charles. I told him to shut up and he said, “What you going to do about it?” * * * I told him to shut up again and he didn’t. He repeated the same thing he had said to me, and when he did, I reached for that old 12 over in the corner and let him have it.’ ” There was no objection made to this statement nor to the questions asked about the statement. The officers testified as to the condition of the room where the shooting occurred. The defendant turned the shotgun over to the deputy sheriff who delivered it to the sheriff. The sheriff arrived a short time after the deputy sheriff and defendant returned to her home. An ambulance was summoned and the wounded Isaiah Patrick was first taken to the Newton County Hospital where he was examined by Dr. Austin, and taken then to the Veterans Hospital in Jackson where he died twelve days later. The sheriff arrested the defendant at her home the night of the shooting and, before he questioned her, he warned her as to her constitutional rights. He testified that the defendant told him about the same story that she told the deputy sheriff. Mr. Gar-vin, a policeman, testified without objection to the same story told to the sheriff.
The appellant contends on appeal that the introduction of two written records with the consent of the court over the objection of the appellant was reversible error. The first record was the death certificate which not only showed the date of the death of deceased, but indicated the method of his demise, namely: “Shot by second person.”
The second record was a sixty-one page medical record from the University Hospital which included an “Autopsy Protocol.” This was a record of an autopsy performed on the body of the deceased, Isaiah Patrick, by doctors at the hospital, and it shbwed the cause of death to be “gunshot wound to head.”
Neither of these records was introduced as a part of the testimony of the persons who made them. One was presented by the wife of the deceased as the death certificate and the other by a nurse who claimed to be custodian of the records at the hospital as to the “Autopsy Protocol.”
The State contends that the introduction of the death certificate in a criminal case is permitted by Section 7064, Mississippi Code 1942 Annotated (Supp.1968). We so held in Thompson v. State, 220 Miss. 200, 70 So.2d 341 (1954), but we limited the use of the certificate to “physical cause of death.”
On the second issue, however, we disagree with the contention of the State that hospital records may be introduced in a criminal case. It is true that hospital records have been accepted as primary evidence in certain civil cases. It is not true, however, that statements made in hospital records by persons not summoned as witnesses may be introduced as primary evidence in criminal cases. Section 26, Mississippi Constitution (1890), provides, among other things, that:
In all criminal prosecutions the accused shall have a right * * * to be confronted by the witnesses against him,
This right of confrontation and the right to cross-examine witnesses lie at the heart of due process. We specifically held in the case of Spears v. State, 241 So.2d 148 (Miss.1970), that hospital records as primary evidence were inadmissible. See also the cases set out by the United States Supreme Court in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).
The introduction into evidence of the hospital records was an error. We hold, however, that in this case the introduction of these records in evidence was harmless *566 because the information that the deceased died of gunshot wound to his head had not only been thoroughly established by every other witness and the doctor who examined him, but also by the statements of the defendant herself to the officers. Moreover, she took the witness stand in her own defense and testified that she shot him with a shotgun.
An examination of the record has convinced us that the trial court acted properly in overruling the motion to exclude the evidence and direct a verdict of acquittal and the motion for a new trial. The evidence established a clear case of manslaughter and, for that reason, the judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.