255 So.2d 661 (1971)
Robert GILLEYLEN
v.
STATE of Mississippi.
No. 46602.
Supreme Court of Mississippi.
December 13, 1971.
Johnny N. Tackett, Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
*662 RODGERS, Presiding Justice:
The appellant Robert Gilleylen was indicted by the Grand Jury of Monroe County, Mississippi, for the crime of murder. He was tried, convicted and sentenced to a term of life imprisonment in the state penitentiary. *663 He has appealed to this Court, and now contends that he did not receive a fair trial in the Circuit Court. He charges that the testimony produced by the State against the defendant was circumstantial and that the State did not obtain an instruction properly defining the burden of proof requiring that the State prove the guilt of the defendant to the exclusion of every other reasonable hypothesis consistent with his innocence. He charges that the court erred in granting three other instructions and that the court erred in permitting the introduction of the testimony of a pathologist.
We have determined that it is necessary to reverse this case for the reasons hereafter stated. We, therefore, refrain from detailing the facts except where it is essential to point out the error to avoid a repetition upon a new trial.
We are of the opinion that that part of the testimony of the pathologist which depended upon a report of a technician must be given after the testimony of the technician who made the test before the pathologist may use the report as a basis for his opinion. To hold otherwise would mean that it would not be necessary for the State to confront the defendant with the witnesses against him. Such a procedure would violate rights of the defendant under the State (Section 26) and Federal (Sixth Amendment) Constitutions. See Flowers v. State, 243 So.2d 564 (Miss. 1971) and Spears v. State, 241 So.2d 148 (Miss. 1970).
The facts in this case are unusual in that there are two defenses offered by the defendant to the charge of murder: (1) Incapacity of the defendant to have committed the alleged crime; and (2) Failure on the part of the State to prove that a crime had been committed. The testimony reveals that the defendant suffered industrial electrical burns to such an extent that his right arm was burned off just above the wrist, his left arm was amputated near his shoulder, and his left leg was amputated halfway between his ankle and his knee. He walked on his knees.
The testimony shows that the body of the alleged victim was almost destroyed in a fire so that the only apparent mark of violence consisted of a twisted piece of cloth material wrapped tightly around the neck of the deceased.
The testimony offered by the State to convict the defendant with the death of the deceased was based upon circumstantial evidence. The trial court should have refused an instruction offered by the State which did not include the requirement that the State must prove the guilt of the defendant to the exclusion of every reasonable hypothesis other than that of guilt.
The crime (corpus delicti) may be shown by circumstantial evidence, provided, of course, that the circumstances taken together are sufficiently strong to exclude every reasonable hypothesis other than that a crime has been committed. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Pitts v. State, 43 Miss. 472 (1870).
The State must show not only that there was a death, but also that the deceased met her death by a criminal agency. King v. State, supra; Pitts v. State, supra.
Before a person charged with crime can be convicted, it is essential that every element of the crime must have been established by either direct or circumstantial evidence. If one element of the crime essential to the conviction of the defendant is established by circumstantial evidence, it is necessary that it be proven to the exclusion of every reasonable hypothesis other than that of guilt. Love v. State, 208 So.2d 755 (Miss. 1968); 23A C.J.S. Criminal Law § 1250, p. 610 (1961); 23A C.J.S. Criminal Law § 1252, p. 624 (1961).
It is not necessary to give circumstantial evidence instructions where there are merely some facts shown by circumstances. *664 Poole v. State, 231 Miss. 1, 94 So.2d 239 (1957); Kirk v. State, 222 Miss. 187, 75 So.2d 641 (1954); Jones v. State, 183 Miss. 408, 184 So. 810 (1938); Micker v. State, 168 Miss. 692, 152 So. 286 (1934); and Williams v. State, 163 Miss. 475, 142 So. 471 (1932).
However, if the conviction rests upon circumstances and not direct proof, it is necessary to instruct the jury on the burden of proof in circumstantial evidence cases, and this is true, although some facts are shown by direct evidence. Kendall v. State, 217 So.2d 35 (Miss. 1968).
The State was granted the following instruction:
Instruction No. 4: The Court instructs the jury for the State that while it is true in this case, as in all criminal cases, the defendant is presumed to be innocent until he is proven guilty, and that his presumption of innocence goes with the defendant until he is proven guilty and that this presumption of innocence goes with the defendant throughout the trial, unless overcome by competent testimony, and that while it is further true, that the burden of proof in this case, as in all criminal cases, is upon the State to satisfy the minds of the jury of the guilt of the defendant from the evidence beyond a reasonable doubt, yet the Court now says to you that this presumption of innocence, which the law throws around the defendant as a shield and safeguard is not intended to shield from punishment anyone who is in fact guilty, but is simply a humane provision of law to guard against the conviction of any innocent person and the Court further says to you positively that if you believe from the evidence in this case beyond a reasonable doubt that the defendant is guilty as charged in the indictment then it is your sworn duty to say guilty by your verdict, regardless of the presumption of innocence and the further fact that the burden of proof is upon the State. [Emphasis added]
This instruction has been condemned by this Court on many occasions. It has been called the "too smart" instruction. We have held heretofore and we hold now that the giving of this instruction is a reversible error. See cases cited in Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964).
The State obtained the following instruction:
Instruction No. 3: The Court charges the jury for the State that you do not have to know that the defendant is guilty before you can convict him. It is only necessary that you should believe from the evidence beyond a reasonable doubt, that he is guilty, and if you do so believe from all of the evidence, beyond a reasonable doubt, that the defendant is guilty, then it is your sworn duty to so find.
This instruction has been condemned also by this Court and, although the instant case was tried on the ninth day of June, 1969, which was before the date of the Pryor case cited below, nevertheless, under the circumstances in the instant case the instruction is reversible error. See Nobles v. State, 241 So.2d 826 (Miss. 1970); Pryor v. State, 239 So.2d 911 (Miss. 1970); McGill v. State, 235 So.2d 451 (Miss. 1970); Pieratt v. State, 235 So.2d 923 (Miss. 1970); Spencer v. State, 240 So.2d 260 (Miss. 1970); and Kent v. State, 241 So.2d 657 (Miss. 1970).
The judgment of the trial court is reversed and the case is remanded to the Circuit Court of Monroe County, Mississippi, for a new trial to accord with the foregoing opinion.
Reversed and remanded.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.