260 So.2d 457 (1972)
Cleveland McCRAW
v.
STATE of Mississippi.
No. 46768.
Supreme Court of Mississippi.
April 3, 1972.
*459 W.E. Andrews, Purvis, Singley & Morgan, Columbia, for appellant.
A.F. Summer, Atty. Gen. by John Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice:
The appellant, Cleveland McCraw, was indicted by the grand jury for the murder of Melvin Johnson. The trial was held in the Circuit Court of Marion County, Mississippi, wherein the appellant was convicted of manslaughter and sentenced to serve a term of fifteen years in the Mississippi State Penitentiary. From that jury verdict and sentence, the appellant appeals to this Court.
On May 20, 1970, the appellant and his son, Edward McCraw, left Empire, Louisiana, at approximately 6:00 p.m. by automobile to drive to Columbia, Mississippi. The record reveals that at some time between two and three weeks prior to May 20, 1970, Mrs. Mary McCraw, also called B.B., the wife of the appellant, along with four of their children, two girls, Mary Ann and Peggy, and two boys, Alvin and Barney, had left Louisiana and been transported to Columbia, Mississippi by Donald Ray Stroud. Mrs. McCraw and her four children, as well as Donald Ray Stroud, had been living in the home of Melvin Johnson on South Park Avenue, just outside the city limits of Columbia, Mississippi, since they came from Louisiana. Appellant in a statement asserted that he was informed by a party unknown to him where his wife and four children were living and that this caused him and his son to drive to Columbia. On arriving at the home of Melvin Johnson on South Park Avenue sometime between the hours of ten and eleven o'clock on the night of May 20, several series of pistol shots were heard. Melvin Johnson received three small caliber bullet wounds, one in the right chest, one in the left shoulder, and another near the left wrist. Donald Ray Stroud likewise was wounded as was the appellant.
The appellant, after getting his wife and children into his automobile, left the house of Melvin Johnson and drove to the home of Clifton Yates located in the community of Improve, which is located approximately ten miles north of Columbia. Two pistols, one a 38-caliber revolver and the other a 22-caliber revolver, were left with Mr. Yates by the appellant. Mr. Yates furnished a towel to the appellant, who was bleeding quite freely from the wound he had received. Mr. Yates turned over the revolvers to the police.
On leaving Mr. Yates' home, the appellant went to the residence of his father-in-law in Hattiesburg, Mississippi. It was there that he was taken into custody by the police. Police took him to the Methodist Hospital in Hattiesburg, where he was treated and released to a Marion County, Mississippi deputy sheriff. The appellant was removed from the Marion County Jail and placed in the custody of an ambulance driver, Ben Pittman, sometime during the early morning hours of May 21, 1970. Mr. Pittman was to deliver the appellant for treatment to the Veterans Hospital in Jackson, Mississippi.
The foregoing is but a terse statement of the facts which will be supplemented as necessary as we consider the errors assigned by the appellant. The six errors assigned by the appellant which he alleges *460 were committed by the trial court are as follows:
1. The Court erred in refusing to grant Instruction No. 11 for the Defendant.
2. The Court erred in admitting the testimony of Lloyd Barefoot as to the alleged threat made by the Defendant.
3. The Court erred in admitting certain evidence, and in particular the photographs, for the reason that the District Attorney did not comply with his agreement to disclose evidence in accordance with a motion which was timely filed.
4. The Court erred in refusing to direct a verdict for the Defendant at the conclusion of the State's evidence.
5. The Court erred in not granting the Defendant a new trial for the reason that the jury returned a verdict of manslaughter in this cause when there was no instruction to return a verdict of manslaughter, and for the reason that the court erred in granting all of the State's instructions since they were abstract and provided no guidance for the jury.
6. The Court erred in not granting the Defendant a new trial for the reason that the verdict is against the overwhelming weight of the evidence.
In support of his first error assigned, that the court erred in refusing to grant defendant's Instruction No. 11, appellant contends that had this instruction been granted it would have required the state to meet its necessary burden of proof, i.e., that "the evidence must exclude every other reasonable hypothesis consistent with his innocence." It is the contention of the appellant that, under the instructions which were given, the state's burden of proof was confined solely to the belief of guilt beyond a reasonable doubt.
The record reveals that the appellant did admit to Mr. Yates at the time he left two pistols with him that he (the appellant) had killed Melvin Johnson. The appellant also admitted to the ambulance driver, Ben Pittman, while waiting in the emergency room of the Veterans Hospital in Jackson, that he had shot Melvin Johnson. The statement of the appellant admitted into evidence by stipulation of both the defense and the state establishes that the appellant did pull his gun and fire at the deceased, Melvin Johnson. The record clearly reveals that Melvin Johnson was shot three times.
The case at bar is not one of those cases in which the state relied "entirely upon circumstantial evidence" in proving the appellant's guilt. See Hadley v. State, 254 Miss. 386, 180 So.2d 920 (1965) and Blakeney v. State, 225 Miss. 130, 82 So.2d 714 (1955). The appellee admits that it did rely, as it often does, on certain circumstantial evidence. It nevertheless also relied upon direct evidence to prove appellant's guilt. Since the evidence presented in the case at bar was both circumstantial and direct, the failure of the court to grant the appellant's instruction which included the phrase "exclusion of every reasonable hypothesis" was not reversible error. Poole v. State, 231 Miss. 1, 94 So.2d 239 (1957); Kirk v. State, 222 Miss. 187, 75 So.2d 641 (1954); Jones v. State, 183 Miss. 408, 184 So. 810 (1938); and Micker v. State, 168 Miss. 692, 152 So. 286 (1934).
In support of the second error assigned, appellant contends that the alleged threat made by the appellant over eight months prior to the death of the decedent, Melvin Johnson, to Lloyd Barefoot should not have been admitted on the ground that such testimony was too remote. The trial court erred in allowing testimony of the alleged threat made by the appellant eight months prior to the events in the present case. However, under all the facts and circumstances in the instant case, we hold that the admission of the alleged threat in *461 this particular case does not constitute reversible error.
The appellant in support of his third error assigned submits that ten days prior to the date set for the trial the appellant filed a motion to compel disclosure of all evidence favorable to the defendant. However, no order was entered on this motion for the reason that the district attorney agreed to provide the appellant with the evidence. It is the contention of the appellant that the district attorney failed to abide by his agreement in that he did not provide the appellant with photographs which were admitted into evidence as the state's exhibits. The general rule in our jurisdiction is that an accused's request for production or inspection of tangible evidence in the prosecutor's possession lies within the sound discretion of the trial court. Armstrong v. State, 241 So.2d 589 (Miss. 1968), and Bellew v. State, 238 Miss. 734, 106 So.2d 146 (1958). In addition, had the appellant observed the photographs it would not have changed the course of the trial nor influenced the verdict of the jury and therefore this did not constitute reversible error. The photographs in question were accurate representation of what they purported to show and there was no showing that the pictures were designed to inflame or otherwise prejudice the jury.
There is no merit in the fourth error assigned by the appellant.
In support of his fifth error assigned appellant submits that the instructions granted the state, specifically those relating to the manslaughter charge, were erroneous because there was nothing to guide the jury as to what it must believe. The instructions failed to instruct the jury whether it should believe from the evidence beyond a reasonable doubt, or from a mere preponderance of the evidence, the appellant to be guilty in order to return a verdict of manslaughter. The well accepted principle of law which this Court has followed on numerous occasions is that the instructions of the state and the defense are to be considered together. It is obvious from a reading of all the instructions, those granted the appellant as well as those granted the appellee, that the jury was properly charged as to the elements of the crime and the burden of proof required.
In support of his sixth error assigned, the appellant makes his argument in five parts. First, the appellant contends that the state did not meet its burden of proving the corpus delicti. The appellant contends that the entire case was based upon circumstantial evidence; that there was no eye witness to the alleged killing, and in addition thereto there was no evidence in the record as to the cause of death of Melvin Johnson. The two witnesses who testified that the deceased was dead were neither able nor qualified to state the cause of death. The record is completely void of any evidence that an autopsy was conducted on the body of the deceased, and there was no medical testimony, expert or otherwise, relative to the cause of death of the deceased. This Court has settled the question as to the need of medical testimony as pertains to death in the case of King v. State, 251 Miss. 161, 168 So.2d 637 (1964).
The second point raised by the appellant under this assigned error is the contention that the court should not have permitted the testimony of the ambulance driver, Mr. Ben Pittman, and the testimony of Mr. Clifton Yates as to the alleged extra-judicial statements made by the appellant since the corpus delicti had not been proven by independent testimony. This the appellant contends has been held by this Court since Stringfellow v. State, 26 Miss. (4 Cushm.) 157, 1 Mor.St.Cas. 691, 59 Am.Dec. 247 (1853). The corpus delicti was adequately shown by the testimony of several persons who arrived at the scene shortly after the appellant left and observed the deceased lying on the floor with several bullet holes in him. This was verified *462 by the introduction of several photographs. The record reveals that the appellant admitted killing Melvin Johnson. Poole v. State, 246 Miss. 442, 150 So.2d 429 (1963), and Buford v. State, 219 Miss. 683, 69 So.2d 826 (1954).
Appellant's third contention in support of his sixth error assigned is that the testimony of the witness Ben Pittman as to the alleged statement made to him by the appellant should not have been admitted for these additional reasons: (1) That the information was privileged and communication between the appellant and Mr. Pittman would be part of the medical and hospital record of the appellant; and (2) that the statement was made at a time when the appellant was in the custody of Mr. Pittman who in turn was the agent of the sheriff's authorities of Marion County, Mississippi. In addition, appellant urges that there was no evidence in the record to show that the appellant received any warnings relative to his constitutional rights against self-incrimination. The appellant volunteered the statement to Mr. Ben Pittman. It was completely unsolicited and voluntary and therefore, under these circumstances, there existed no requirement that the appellant be advised of his constitutional rights against self-incrimination.
The fourth point of the appellant's argument in support of his sixth error assigned is that the statement of the appellant which was entered into evidence should not be included or considered as tending to prove the corpus delicti. Moreover, under the rule in the case of Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933), his statement should have been accepted as true in that his statement was not contradicted in any material particulars by any facts or by the facts of common knowledge. This is incorrect for the reason that the appellant's statement was substantially contradicted in material particulars by credible witnesses and by physical facts. First, the appellant said he was shot by the deceased and that he in turn fired his pistol in the direction of the deceased, but that he did not know whether he had hit him. This was contradicted by the appellant at two separate times when he admitted to both Pittman and Yates that he had shot or killed the deceased. The physical facts also tend to contradict the appellant's version because the testimony of several witnesses established that no weapons were found on or near the deceased at the scene of the altercation. Therefore, the Weathersby rule is not applicable in the present case.
The fifth and final contention of the appellant under his last error assigned is that the court should have permitted cross-examination of the state's witnesses with reference to the relationship between appellant's wife and the deceased, and between the witness Stroud and the appellant's daughter. The testimony was already clear that the appellant's wife and four of his children, along with Mr. Stroud, were living in the home of Melvin Johnson at the time of the altercation. Any further specific testimony as to the relationship between the appellant's wife and the deceased, or Stroud and appellant's daughter, is completely immaterial. The relationship between the parties and the fact that the appellant wanted to remove his children and wife from the deceased's home in no way could have excused the appellant's action of killing the deceased, and therefore, no error was committed.
For the foregoing reasons, the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, C.J., and JONES, SMITH and SUGG, JJ., concur.