DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Jefferson Davis County wherein the appellant, Willie B. Williams, was found guilty of manslaughter, a violation of Mississippi Code Annotated § 97-3-47 (1972).
On December 1,1980, Teresa Coulter and her friend, Kathy Pace, were returning to their homes in Prentiss from a day of Christmas shopping in Hattiesburg. Ahead of them, in another car, were Teresa’s parents who had accompanied them shopping. Teresa testified that about 8:30 p.m. they were traveling on Highway 42 and had just left a four-way stop at the intersection of Highway 35 when a car driven by Willie B. Williams approached from the other direction and crossed over into their lane. The cars collided head-on and Kathy Pace was killed. Teresa could not estimate Williams’ speed, but did testify that he was “traveling fast.” She first testified that there were no other cars on the road at the time of the accident, but she later admitted that she hadn’t really noticed.
Teresa’s father, Wiley Coulter, testified that Williams’ car passed him at a high rate of speed and was at that time veering to the center of the road. Watching in his rearview mirror Wiley Coulter saw his daughter’s headlights go out and knew there had been an accident. He and his wife turned around and went back a few hundred yards to where the cars had collided. Coulter testified that there were no other vehicles on the road at the time of the accident.
Officer Pat Cronin of the Mississippi Highway Patrol testified that he was called to the scene of the accident and there spoke with Williams. Officer Cronin testified that at that time he smelled alcohol on Williams’ breath and that Williams’ speech was slurred. Officer Cronin took Williams to the Jefferson Davis County Sheriff’s Department where Officer Ronald Jones administered a photoelectric intoximeter test which revealed that Williams’ blood alcohol content was .177. Officer Jones also testified that Williams’ speech was slurred and that he had alcohol on his breath.
Willie B. Williams took the stand in his own defense. He testified that as he approached the intersection of Highways 35 and 42, there was an 18-wheel truck moving very slowly, or not at all, ahead of him in his lane. Williams said he hit his brakes and that his wheels froze, causing him to skid into the other lane and the path of *314 Teresa Coulter’s oncoming car. Williams further testified that he had been deer hunting and had split three or four ounces of rum with someone whose name he could not recall approximately one hour to an hour and one-half before the accident. He denied driving over 50 mph.
Linda Buckley, a waitress in a restaurant on the corner of Highways 35 and 42, testified that she was at work on the night of the accident. She testified that she heard a noise and looked out the window two minutes later and saw a big truck driving by. She could not describe the truck other than to say it was moving slowly. Williams’ wife, Margaret, testified that he called her to the scene of the accident and when she arrived he was not drunk.
The jury returned a verdict of guilty and Williams was sentenced to fifteen (15) years in custody of the Mississippi Department of Corrections.
Williams first assigned as error the admission into evidence of a hospital record prepared by Dr. H.C. Ethridge in lieu of his personal testimony thereby denying Williams his right to confront and cross-examine all the witnesses offered against him. Prior to trial the State made an oral motion to introduce the hospital records of Kathy Pace. The attorney for the State argued he had attempted to get the physician who had examined Kathy Pace to testify, but that he was out of the state, perhaps in Texas, and that he had no more precise information concerning his whereabouts than that. The State also argued that the attending nurse was unable to be present because she was in the hospital at the time of the trial. Williams’ attorney objected to the admission of the records as violating Williams’ right to confrontation; however, the judge admitted the records.
In its brief, the State admits that the admission of the hospital records was error. This is clearly the law in Mississippi, for this Court has held on a number of occasions that the maker of a report or record must be present for cross-examination if that report or record is to be introduced as evidence. White v. State, 306 So.2d 299 (Miss.1975); Gilleylen v. State, 255 So.2d 661 (Miss.1971); Flowers v. State, 243 So.2d 564 (Miss.1971). In Flowers, this Court said:
On the second issue, however, we disagree with the contention of the State that hospital records may be introduced in a criminal case. It is true that hospital records have been accepted as primary evidence in certain civil cases. It is not true, however, that statements made in hospital records by persons not summoned as witnesses may be introduced as primary evidence in criminal cases. Section 26, Mississippi Constitution (1890), provides, among other things, that:
In all criminal prosecutions the accused shall have a right * * * to be contronted by the witnesses against him, ⅜ * *
This right of confrontation and the right to cross-examine witnesses lie at the heart of due process. We specifically held in the case of Spears v. State, 241 So.2d 148 (Miss.1970), that hospital records as primary evidence were inadmissible. See also the cases set out by the United States Supreme Court in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). [243 So.2d at 565],
The Flowers Court went on to hold that under the facts of that case the introduction of the hospital record was not reversible error as the information obtained in those reports had been thoroughly established by other witnesses.
The instant case is analogous to the Flowers decision in that the admission of the records was error, but the facts contained in those records had been proved through other testimony and evidence, and, therefore, the error does not mandate reversal. Although Williams argues that the only proof as to Kathy Pace’s cause of death was contained in the hospital records, there was ample other evidence that the collision was the cause of her death. At the trial, Larry B. Terrell, an ambulance driver and emergency medical technician, testified that when he arrived at the scene of the accident, Kathy Pace had no vital signs. *315 ' Teresa Coulter testified that before the accident, Kathy Pace was alive. Officer Pat Cronin of the Highway Patrol identified Kathy Pace as “the girl that was killed in the automobile accident.” Therefore, there was evidence beyond the hospital records to establish that Kathy Pace’s death was the result of the automobile collision with Willie B. Williams’ car.
Williams’ second assignment of error is that the State failed to prove culpable negligence. The jury was faced with two opposing theories regarding the cause of the accident. The State’s theory is that Williams was drunk and lost control of the vehicle. Williams argues that he was not drunk, but was trying to avoid a truck in his lane. The evidence overwhelmingly supports the State’s theory. Officers Cronin and Jones both testified that Williams had alcohol on his breath and his speech was slurred. Williams’ blood alcohol content was .177, a significant amount of alcohol. Both Teresa Coulter and her father Wiley Coulter denied there was any other traffic on the road at the time of the accident. Neither of them saw the truck that Williams claimed to be trying to avoid. In fact, the only evidence supporting Williams’ story about the truck was the testimony of Linda Buckley. Miss Buckley’s testimony provides little corroboration, as she admitted that she did not look out the restaurant window until a full two or three minutes after hearing the accident. Given that time lapse, there is little reason to believe that the truck she saw was the one Williams claimed to be trying to avoid.
This Court has held that when the evidence is conflicting, the jury will be the sole judge of the credibility of the witnesses and the weight and worth of their testimony. Gathright v. State, 380 So.2d 1276 (Miss.1980). Because the jury was free to accept or reject any part- of the witnesses’ stories, we must conclude that they simply believed the State’s witnesses more than they believed Willie B. Williams. Finding no additional error during the trial, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.