JAMES, J.,
for the Court:
¶ 1. Charlie Osby was convicted by a jury in the Pike County Circuit Court of burglary of a building. Osby now appeals, arguing he received ineffective assistance of counsel where his attorney failed to request a circumstantial-evidence jury instruction. Finding the evidence did not support the giving of a circumstantial-evidence instruction, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 25, 2012, Lula Campbell sent her two grandsons to a house next door to retrieve a microwave. The house, which had been unoccupied for several months, previously belonged to Lula’s late stepfather. Lula had stored all her stepfather’s belongings in the house and placed a storage lock on the front door. As Lula’s grandsons approached the house, they noticed a car parked on the property. They also noticed the broken storage lock lying on the ground. As the boys got closer to the house, they heard noises coming from inside and saw the blinds move. Fearing that someone had broken into the house and was still inside, they walked back to their grandmother’s house and told her what they had seen.
¶ 3. Lula, along with her son-in-law, Kelvin Smith, walked next door to the property with her grandsons. Lula and Kelvin heard noises coming from inside the house. Kelvin knocked on the door and demanded that whoever was inside come out. Kelvin, Lula, and her grandsons then walked around to the side of the house. Lula noticed the unfamiliar vehicle parked on the property and wrote the tag number on a piece of paper. She looked through the car window and saw boxes full of crystals, pots, pans, and other items that belonged to her stepfather on the backseat of the car. Lula yelled for whoever was inside the house to come out, but no one answered. Shortly after, the family saw Osby emerge from the back of the house carrying fishing rods. Lula testified that the fishing rods belonged to her stepfather and- were stored inside the house. Lula asked Osby who he was and where he was going with her stepfather’s belongings. Osby responded that he was “going through hard times and didn’t mean no harm.” Lula asked Osby if he had taken the items in his car from the house, and Osby responded, “no.” Lula then asked Osby to let her see the items and to open the trunk of the car. Osby refused. At that moment, Osby threw the fishing rods on the ground and stated, “I hope I ain’t in no trouble. I don’t mean no harm.” Osby then apologized, got into his car and drove away. Lula called the police. After the police arrived, Lula went inside the house and noticed that her stepfather’s crystals, pots and pans, and other items were missing from the home.
¶ 4. Osby was indicted for burglary of a building. Following a trial held on September 18, 2012, Osby was found guilty, and was sentenced as a habitual offender to serve seven years in the custody of the Mississippi Department of Corrections, without the possibility of parole, probation, or early release. The sentence was ordered to run consecutively to a prior sentence. Osby was also ordered to pay a fine of $3,000. On October 4, 2012, Osby filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Following the denial of that motion, Osby filed the present appeal.
DISCUSSION
¶ 5. Osby argues he received ineffective assistance of counsel where his attorney failed to request a circumstantial-evidence jury instruction. Osby contends the evidence presented by the State was purely circumstantial, and the jury was not *100 properly instructed. “A circumstantial evidence case is one where the State is ‘without a confession and wholly without eyewitnesses to the gravamen of the offense charged.’” Garrett v. State, 921 So.2d 288, 291 (¶ 17) (Miss.2006) (quoting Kniep v. State, 525 So.2d 385, 392 (Miss.1988)). “The defendant is not entitled to a circumstantial evidence instruction where both circumstantial and direct evidence are admitted at trial.” Id. at 292 (¶ 17) (citing Gilleylen v. State, 255 So.2d 661, 663-64 (Miss.1971)).
¶ 6. Here, the State produced direct evidence of the burglary, including three eyewitnesses. Lula, Kelvin, and Lula’s oldest grandson all testified that they saw Osby walk around the side of the house carrying fishing rods that belonged to Lula’s stepfather. Each witness testified that immediately before they saw Osby outside, they heard noises coming from inside the house. Lula also testified that she saw boxes containing items that were previously stored inside the house on the back seat of Osby’s car.
¶ 7. In addition, each witness testified that Osby apologized before he got into his car and drove away. Each witness stated that after Osby got caught stealing the items, he stated that he was “going through hard times” and “didn’t mean [any] harm.” In light of the surrounding events, Osby’s statements constitute an admission to the offense. “An admission is but a statement by the accused which may be direct or implied by facts pertinent to the issue and tending to prove his guilt.” Brown v. State, 19 So.3d 85, 92 (¶ 20) (Miss.Ct.App.2008) (quoting Lynch v. State, 877 So.2d 1254, 1266 (¶17) (Miss.2004)).
¶ 8. Osby argues that because the family did not see him break into the house, his conviction was based on purely circumstantial evidence. However, we find that the eyewitness testimony, in addition to Osby’s statements, which amounted to an admission, obviated the need for a circumstantial-evidence jury instruction. Therefore, Osby’s claim of ineffective assistance of counsel due to his attorney’s failure to request a circumstantial-evidence jury instruction is without merit.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A BUILDING AND SENTENCE AS A HABITUAL OFFENDER OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE, PROBATION, OR EARLY RELEASE, WITH THE SENTENCE TO RUN CONSECUTIVELY TO A PRIOR SENTENCE AND TO PAY A $3,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.